## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| KEVIN ADELSTEIN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>WALMART INC.,<br><br>        Defendant. | **Case No.**<br>(Cuyahoga County Court of Common Pleas Case No. 22-cv-03442)<br><br>**Class Action**<br><br>**NOTICE OF REMOVAL**<br><br>**Electronically Filed** |

### NOTICE OF REMOVAL

Defendant Walmart Inc., through undersigned counsel and pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d), 1441, and 1446 ("CAFA"), hereby state the following for their Notice of Removal of the above-captioned matter from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio:

### INTRODUCTION

1.      On August 19, 2022, Plaintiff Kevin Adelstein ("Plaintiff" or "Adelstein") filed an individual action against Walmart, Inc. ("Defendant" or "Walmart") in the Bedford Municipal Court, Cuyahoga County entitled *Adelstein v. Walmart, Inc.*, designated Case Number 22-cv-03442 (the "State Court Action Original Complaint") alleging multiple causes of action.

2.      Defendant timely filed its responsive pleading to the State Court Action Original Complaint, moving to dismiss certain claims and answering one of the asserted claims.

3.      On December 19, 2022, Plaintiff filed an amended complaint on behalf of himself and a putative (the "State Court Action Amended Complaint"). The State Court Action Amended

1

Complaint sets forth five claims: (1) violation of CSPA, R.C. § 1345.02 (deceptive pricing); (2) violation of OAC § 109:4-3-02(A); (3) violation of OAC § 109:4-3-02(B); (4) violation of OAC § 109:4-3-02(D); (5) fraud, fraud in the inducement, and fraudulent representation. Each of the asserted claims center around injuries purportedly caused by Walmart allegedly charging a higher price on certain products than advertised on its website.

4. On December 16, 2022 Plaintiff served Defendant with a copy of the State Court Action Amended Complaint, along with a motion to transfer the matter to the Cuyahoga County Court of Common Pleas.[1] A true and correct copy of the Original Complaint, Amended Complaint, all pleadings, process, and orders served on Defendant in the State Court Action, are attached hereto as Exhibit A.

5. Plaintiff seeks to certify two classes of similarly situated individuals:

   a. **"CSPA Sale at Over Advertised Price:** All customers, who within two (2) years prior to the date of filing of the original complaint (August 19, 2022) to the date this case is certified, purchased a product in Ohio from Walmart, and were charged a price greater than the price advertised on Walmart.com." (Ex. A, Am. Compl. ¶ 30(a)).

   b. **"Fraud Sale at Over Advertised Price:** All customers, who within four (4) years prior to the date of filing of the original complaint (August 19, 2022) to the date this case is certified, purchased a product in Ohio from Walmart, and were charged a price greater than the price advertised on Walmart.com." (Ex. A, Am. Compl. ¶ 30(b)).

## TIMELINESS OF REMOVAL

6. This Notice of Removal is filed within thirty days of service of process of the State Court Action Amended Complaint and is therefore timely under 28 U.S.C. § 1446(b).

---

[1] Plaintiff served a copy of the State Court Action Amended Complaint and motion to transfer on Defendant on December 16, 2022, but the court's docket reflects that the State Court Action Amended Complaint and motion to transfer were filed on December 19, 2022.

## ORIGINAL JURISDICTION: CLASS ACTION FAIRNESS ACT

7.      This Court has original jurisdiction of this action under CAFA. "Congress clearly intended [CAFA] to expand substantially federal court jurisdiction over class actions and directly that CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 287 (6th Cir. 2016) (quotations and citations omitted).

8.      As set forth more fully below, this action is properly removable under CAFA because there is (a) at least minimal diversity of citizenship, (b) 100 or more purported class members, and (c) the aggregate amount in controversy for the entire proposed class exceeds $5,000,000, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2), (5), (6); *Graiser*, 819 F.3d at 282 (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013)).

## DIVERSE CITIZENSHIP OF THE PARTIES

9.      CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). In the instant case, Plaintiff is a citizen of a state that is different from the state of citizenship of the Defendant.

10.      **Plaintiff's Citizenship.** For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir.1994); *Stifel v. Hopkins,* 477 F.2d 1116, 1120 (6th Cir.1973). Domicile is established by an intent to remain in a particular state permanently, or at least indefinitely. *Stifel*, 477 F.2d at 1120. Residence and domicile typically coincide, and a Plaintiff's listing of his residence creates a rebuttable presumption of domicile. *Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016) (quoting *D.C. v. Murphy*, 314 U.S.

3

441, 455 (1941)). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *See* 28 U.S.C. § 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction"); *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) ("It is well-settled that "diversity is determined at the time of the filing of a lawsuit."). Plaintiff alleges that he resides in the State of Ohio. (*See* Ex. A., Am. Compl. ¶ 2)

11. **Defendant's Citizenship.** For diversity purposes, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The "principal place of business" means the corporate headquarters where a corporation's high-level officers direct, control and coordinate its activities on a day-to-day basis, also known as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010) (rejecting all prior tests in favor of the "nerve center" test); *see also Allstate Ins. Co. v. Fields*, 381, F. Supp. 2d 671, 674 (N.D. Ohio 2005) (holding that a company that does not conduct the predominance of its business in any single state is a "far-flung" corporation whose principal place of business "will generally be its nerve center.") (citations omitted).

12. Defendant Walmart, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *See* Declaration of Nate Lyman, a copy of which is attached as Exhibit B ("Lyman Decl.") at ¶ 3. Therefore, for purposes of diversity of citizenship, Defendant has been at all relevant times a citizen of the State of Arkansas and the State of

Delaware. It is not now and was not at the time of the filing of the Amended Complaint, a citizen of the State of Ohio, for purposes of 28 U.S.C. §1332(c)(1).

      **a.      There Are 100 of More Putative Class Members**

13.     CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B).

14.     In the past two years alone there have been more than a billion visits nationally to Walmart's website, Walmart.com, with more than 40 million of those website visits that appear to have originated from Ohio.  *See* Lyman Decl. ¶ 5.

15.     In the past two years there have been more than 5,000,000 transactions that occurred in Walmart stores located in Ohio, and, in the past four years, there have been more than 10,000,000 transactions that occurred in Walmart stores located in Ohio. *See* Lyman Decl. at ¶ 6.

16.     Accordingly, there are almost certainly 100 or more members of the putative class.

      **b.      The Amount in Controversy Exceeds $5,000,000**

17.     CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of individual members in a class action are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), reprinted in 2005

U.S.C.C.A.N. 3, 40. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. No. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case[…] Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

18.     The Court may evaluate allegations in the complaint and a defendant's notice of removal to determine the amount in controversy. *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 478 (6th Cir. 2014). The United States Supreme Court has held that when a defendant removes an action pursuant to CAFA, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000. *Dart Cherokee Basin Operative Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added).

19.     Although Defendant denies any liability as to Plaintiff's claims, it is apparent that the amount in controversy here exceeds $5,000,000.

20.     Plaintiff alleges that he was overcharged $13.70 for products he purchased from a Walmart store located in Ohio. (*See* Ex. A., Am. Compl. ¶¶ 12–14). Plaintiff further claims that "[e]ach class member has been damaged in the same way. . . damages can be determined on a class-wide basis since the damages are based on the difference between the higher amounts paid for goods when purchased in-store above" (*See* Ex. A., Am. Compl. ¶ 29). As noted above,

6

Plaintiff is seeking to certify two classes, each containing "all customers, who… purchased a product in Ohio from Walmart." (*See* Ex. A., Am. Compl. ¶ 30). Assuming Plaintiff's alleged overpayment represents the average actual damages of each member of the putative class, it is more likely than not that at least $5,000,000 is in controversy for each class. For example, Plaintiff's proposed "CSPA Sale at Over Advertised Price" putative class would need approximately 182,500 customers per year over two years to reach the jurisdictional threshold required under CAFA. Likewise, Plaintiff's proposed "Fraud Sale at Over Advertised Price" putative class would need approximately 91,250 customers per year over four years to reach the same threshold.

21.     As previously noted, in the past two years alone there have been more than a billion visits nationally to Walmart's website, Walmart.com, with more than 40 million of those website visits that appear to have originated from Ohio. *See* Lyman Decl. ¶ 5. Also, in the past two years there have been more than 5,000,000 transactions that occurred in Walmart stores located in Ohio, and, in the past four years, there have been more than 10,000,000 transactions that occurred in Walmart stores located in Ohio. *See* Lyman Decl. ¶ 6. If Defendant's pricing practices are as pervasive as Plaintiff contends, then the putative class could include potentially millions of individuals. If one were to assume that each member of the putative class was overcharged $13.70, as allegedly happened to the named plaintiff, the class size would only need to be approximately 365,000 to reach $5,000,000. (5,000,000 divided by 13.70 = 364,963). Alternatively, considering the total number of transactions in Ohio stores in the past 4 years (approximately 10,000,000) each transaction would only need to involve a purported overcharge of 50 cents to reach the jurisdictional threshold of $5,000,000. Recovery of $0.50 per class member is certainly plausible. *See Dart Cherokee Basin*, 574 U.S. at 89.

22.     In addition to compensatory damages, Plaintiff also requests statutory damages, treble damages, and attorneys' fees on behalf of the putative class. Courts in this Circuit have held that all damages, including attorneys' fee recoveries, count towards the $5,000,000 CAFA threshold. *Tomblin v. Geico Choice Ins. Co.*, 2021 WL 5768075 at *4 (N.D. Ohio Dec. 6, 2021) (citing *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009) ("[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction.")); *Johnson v. BLC Lexington SNF, LLC.*, 2019 WL 2216441 at *2 (E.D. Ky. May 22, 2019) ("[S]tatutory attorney's fees and punitive damages could be included in determining the [CAFA] amount in controversy."). As such, plaintiff's request for an award of attorneys' fees, (*see* Ex. A, Am. Compl., Prayer for Relief), must be considered when evaluating the amount in controversy. Even under the conservative benchmark of 25 percent of the total recovery, attorneys' fees on a potential damages award in this case could be millions of dollars.

23.     Thus, based on the authorities set forth above, no legitimate dispute exists that the amount at stake for the putative class plausibly exceeds $5,000,000.

24.     Because diversity of citizenship exists, the size of the putative class exceeds 100 and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action is, therefore, a proper one for removal to this Court pursuant to 28 U.S.C. § 1441(a).

## **VENUE**

25.     Venue lies in the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 110. This action originally was brought in Bedford Municipal Court, Cuyahoga County, and has since been transferred to Cuyahoga County Court

8

of Common Pleas, both of which are located in the Northern District of Ohio. 28 U.S.C. § 110. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(d).

## NOTICE OF REMOVAL

26. Defendant will give proper notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Cuyahoga County Court of Common Pleas. This Notice of Removal is concurrently being served on all parties.

## NON-WAIVER OF DEFENSES

27. By filing this Notice of Removal, Defendant does not waive any defenses available to it. By filing this Notice of Removal, Defendant does not admit any of the allegations in the Amended Complaint. Defendant expressly reserves the right to contest those allegations at the appropriate time.

WHEREFORE, Defendant Walmart Inc. pray that the above-captioned action be removed from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio.

Dated: January 13, 2023                    Respectfully submitted,

                                           */s/ James Niehaus*
                                           James Niehaus        (0020128)
                                           Gregory R. Farkas    (0069109)
                                           FRANTZ WARD
                                           200 Public Square, Suite 3000
                                           Cleveland, OH 44114
                                           Telephone: 216.515.1660
                                           Facsimile: 216. 515.1650
                                           jniehaus@frantzward.com
                                           garkas@frantzward.com

                                           Daniel M. Blouin (*Pro Hac Vice* app. forthcoming)
                                           Frank A. Battaglia (*Pro Hac Vice* app. forthcoming)
                                           Olga Pototskaya (*Pro Hac Vice* app. forthcoming)
                                           WINSTON & STRAWN LLP
                                           35 W. Wacker Drive

Chicago, IL 60601
Telephone: 312-558-5600
Facsimile: 312-558-5700
DBlouin@winston.com
FBattaglia@winston.com
OPototskaya@winston.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 13th day of January, 2023, the foregoing Defendant Walmart's Notice of Removal was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Ohio, and was served by operation of that Court's electronic filing system on all parties of record.

Dated: January 13, 2023

*/s/ Gregory R. Farkas*
Gregory R. Farkas