# EXHIBIT A

Bedford Municipal Court
165 Center Road
Bedford, Ohio 44146

as of 27-Dec-2022  9:47 am

Page 1 of 3

## CASE **22CVF03442** DOCKET
### ——— GENERAL INFORMATION ———

Case#:  **22CVF03442**     Municipality:  **OTHER**          Date Filed: **08/19/2022**

**Civil Claim**                          Claim of:        **$15,000.00**

PLAINTIFF:  **KEVIN ADELSTEIN**
Dba

50 RIDGECREEK TRAIL

MORELAND HILLS, OH 44022

ATTORNEY:   RONALD  FREDERICK
Firm..:

767 E 185TH STREET

CLEVELAND OH 44119
216-502-1055



*(stamp: 2022 DEC 28  A 11: 20  CLERK OF COURTS CUYAHOGA COUNTY  FILED)*

DEFENDANT:  **WALMART, INC**
Dba         IN C/O ITS STATUTORY AGENT CT CORPORATION SYSTEM
            4400 EASTON COMMONS WAY, SUITE 125

            COLUMBUS, OH 43219

Service Perf. :  08/30/2022
Answer Date:   09/27/2022
ATTORNEY:    TAYLOR L GAMM
Firm..:      BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
             20046 WALKER ROAD
             STE 5
             SHAKER HTS OH 44122
             216-453-8583

*(stamp box: Complaint  PETER J CORRIGAN  CV 22 973107)*

### ——— CASE PROCEEDINGS ———

| Entered | EntryText |
|---|---|
| 08/19/2022 | Civil Claim for $15000.00 Filed, KEVIN ADELSTEIN |
| 08/19/2022 | Civil Summons notice served to WALMART, INC via Certified Mail (receipt# 9414814903177165029610) |
| 08/19/2022 | Paid $6.00 for  Cost/MUNI CT SPL PGM FUND receipt# 2022315776 by KEVIN ADELSTEIN. Payment credited to KEVIN ADELSTEIN |
|  | Paid $98.00 for  Cost/CIVIL FILING FEE receipt# 2022315776 by KEVIN ADELSTEIN. Payment credited to KEVIN ADELSTEIN |
|  | Paid $25.74 for  Cost/LEGAL AID FUND receipt# 2022315776 by KEVIN ADELSTEIN. Payment credited to KEVIN ADELSTEIN |
|  | Paid $1.00 for  Cost/COURT COMP. FUND - CIVIL receipt# 2022315776 by KEVIN ADELSTEIN. Payment credited to KEVIN ADELSTEIN |
|  | Paid $3.00 for  Cost/CLERK COMPUTER FUND - CIVIL receipt# 2022315776 by KEVIN ADELSTEIN. Payment credited to KEVIN ADELSTEIN |
|  | Paid $1.00 for  Cost/LEGAL RESOURCE FUND - CIVIL receipt# 2022315776 by KEVIN ADELSTEIN. Payment credited to KEVIN ADELSTEIN |
|  | Paid $0.26 for  Cost/LEGAL AID ADMIN FEE receipt# 2022315776 by KEVIN ADELSTEIN. Payment credited to KEVIN ADELSTEIN |
| 08/30/2022 | Service For Civil Summons to WALMART, INC sent via Certified Mail was Perfected on 08/30/2022 Answer Due Date: 09/27/2022 Receipt Number 9414814903177165029610 |
| 09/21/2022 | Written motion MISCELLANEOUS filed by WALMART, INC/Defendant on 09/21/2022 /by attorney (CURE OFFER) |
| 09/21/2022 | Filed Defendants Notice of Appearance of Counsel |
| 09/23/2022 | Judge Michelle L. Paris assigned to case |
| 09/30/2022 | Civil Journal Free Form Journal created in Book 602  Page 351 Free Form Journal Emailed LAURA A DEPLEDGE |

as of 27-Dec-2022 9:47 am



165 Center Road
Bedford, Ohio 44146

Page 2 of 3

CASE **22CVF03442** DOCKET

| | | |
|---|---|---|
| | 10/19/2022 | Free Form Journal Emailed |
| (7) | 10/19/2022 | Written motion EXTENSION OF TIME filed by WALMART, INC/Defendant on 10/19/2022 /by attorney |
| | 10/20/2022 | Motion EXTENSION OF TIME GRANTED by Brian J. Melling Judge on 10/20/2022 |
| (8) | 10/21/2022 | Civil Journal Extend Time created in Book 604 Page 53 |
| | | Extend Time Emailed LAURA A DEPLEDGE |
| | 10/21/2022 | Transfer to Judge Brian J. Melling |
| (9) | 11/23/2022 | Written motion ANSWER filed by WALMART, INC/Defendant on 11/21/2022 /by attorney |
| (10) | 11/23/2022 | Written motion MISCELLANEOUS filed by KEVIN ADELSTEIN/Plaintiff on 11/21/2022 /by attorney (PARTIAL MOTION TO DISMISS) |
| | 11/23/2022 | Pre-Trial set for 01/26/2023 at 09:00 AM in room 2 to be heard by Judge Brian J. Melling |
| (11) | 11/23/2022 | Zoom Hearing Emailed & regular mailed to LAURA A DEPLEDGE |
| (12) | 11/23/2022 | Zoom Hearing Emailed & regular mailed to TAYLOR L GAMM |
| (13) | 11/28/2022 | Written motion EXTENSION OF TIME filed by KEVIN ADELSTEIN/Plaintiff on 11/28/2022 /by attorney (14 DAYS TO FILE BRIEF IN OPPOSTION TO DEFENDANTS PARTIAL DISMISSAL) |
| | 11/30/2022 | Motion EXTENSION OF TIME GRANTED by Brian J. Melling Judge on 11/30/2022 (14 DAYS TO FILE BRIEF IN OPPOSTION TO DEFENDANTS PARTIAL DISMISSAL) |
| (14) | 12/01/2022 | Civil Journal Extend Time created in Book 607 Page 48 |
| | | Extend Time Emailed LAURA A DEPLEDGE |
| (15) | 12/07/2022 | Written motion EXTENSION OF TIME filed by WALMART, INC/Defendant on 12/07/2022 /by attorney (TO FILE REPLY BRIEF) |
| (16) | 12/12/2022 | Motion EXTENSION OF TIME GRANTED by Brian J. Melling Judge on 12/08/2022 (TO FILE REPLY BRIEF) |
| | 12/13/2022 | Civil Journal Extend Time created in Book 608 Page 23 |
| | | Extend Time Emailed LAURA A DEPLEDGE |
| (17) | 12/19/2022 | Filed Notice of Additional Counsel for Plaintiff |
| (18) | 12/19/2022 | Written motion Amended Complaint filed by KEVIN ADELSTEIN/Plaintiff on 12/19/2022 /by attorney |
| (19) | 12/19/2022 | Written motion TRANSFER TO ANOTHER COURT filed by KEVIN ADELSTEIN/Plaintiff on 12/19/2022 /by attorney |
| | 12/19/2022 | Paid $45.00 for Cost/TRANSFER TO ANY COURT receipt# 2022324078 by RONALD FREDERICK. Payment credited to KEVIN ADELSTEIN |
| | 12/22/2022 | Motion TRANSFER TO ANOTHER COURT GRANTED by Brian J. Melling Judge on 12/22/2022 |
| (20) | 12/27/2022 | Civil Journal Transfer CPC created in Book 608 Page 475 |
| | | Transfer CPC Emailed RONALD FREDERICK |

━━━━━━━━━━━━━━━━━━━━━ **JUDGMENTS** ━━━━━━━━━━━━━━━━━━━━━

**Civil Claim**      **KEVIN ADELSTEIN v. WALMART, INC**

━━━━━━━━━━━━━━━━━━━━━ **FINANCIALS** ━━━━━━━━━━━━━━━━━━━━━

| **Date** | | **Paid/Credit** | **Receipt Number** |
|---|---|---|---|
| **A/R for KEVIN ADELSTEIN** | | | |
| 08/19/2022 | MUNI CT SPL PGM FUND | $6.00 | 2022315776 |
| | CIVIL FILING FEE | $98.00 | 2022315776 |
| | LEGAL AID FUND | $25.74 | 2022315776 |
| | COURT COMP. FUND - CIVIL | $1.00 | 2022315776 |
| | CLERK COMPUTER FUND - CIVIL | $3.00 | 2022315776 |
| | LEGAL RESOURCE FUND - CIVIL | $1.00 | 2022315776 |
| | LEGAL AID ADMIN FEE | $0.26 | 2022315776 |
| 12/19/2022 | TRANSFER TO ANY COURT | $45.00 | 2022324078 |

**Bedford Municipal Court**

165 Center Road
Bedford, Ohio 44146

as of 27-Dec-2022 9:47 am

Page 3 of 3

CASE **22CVF03442** DOCKET

A/R Totals for **KEVIN ADELSTEIN**

| | |
|---|---|
| Total Paid = | $180.00 |
| **Grand Total Case:** | **$180.00** |

| The State of Ohio } | I, Thomas E. Day, Jr., Clerk of |
|---|---|
| ss. | The Bedford Municipal Court, |
| Cuyahoga County } | Bedford, Ohio |

hereby certify that the above and foregoing is truly taken and copied from the <u>ORIGINAL CASE DOCKET FOR CASE #22CVF03442</u> in accordance with the rules of the Superintendent.

Witness my hand and seal of said court this 27TH day

Of <u>DECEMBER, 2022</u> A.D.

Thomas E. Day, Jr., Clerk

By <u>A. Bailey, Deputy Clerk</u>

STATE OF OHIO )                     IN THE Bedford Municipal Court
                        ) SS.
COUNTY OF CUYAHOGA )                CASE NO.   22CVF03442

KEVIN ADELSTEIN

        Plaintiff(s)               )

        - vs -                     )        JOURNAL ENTRY OF JUDGMENT

WALMART, INC

        Defendant(s)               )

   This matter came on for consideration on 12/22/2022, upon Plaintiff's Motion to Certify to Common Pleas Court.  The Court finds said Motion to Certify to Common Pleas Court well taken and the same is hereby granted.  It is therefore ordered that upon the Plaintiff remitting a check for $250.00 made payable to the Cuyahoga County Court of Common Pleas and a check for $45.00 made payable to Bedford Municipal Court, this matter will be transferred for further proceedings in accordance with the law.

   Adjudicated by Judge Brian J. Melling.


                                  JUDGE

cc:
  KEVIN ADELSTEIN
  WALMART, INC

**RECEIVED**   Tuesday, December 27, 2022
THOMAS E DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT   JOURNAL BOOK/PAGE 608 - 475

**IN THE BEDFORD MUNICIPAL COURT**
**CUYAHOGA COUNTY**

RECEIVED AND FILED

DEC 1 9 2022

THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

| | | |
|---|---|---|
| KEVIN ADELSTEIN | ) | CASE NO: 22-CVF-03442 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIAN J. MELLING |
| | ) | |
| vs. | ) | **MOTION TO TRANSFER TO** |
| | ) | **COURT OF COMMON PLEAS** |
| WALMART, INC. dba WALMART | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOW COMES** Plaintiff Kevin Adelstein ("Mr. Adelstein"), by and through the undersigned Counsel, and hereby moves this Honorable Court for an order transferring this matter to Cuyahoga County Court of Common Pleas, as the amount of Mr. Adelstein's class claims against Defendant Walmart, Inc. ("Walmart") exceed, in the aggregate, the jurisdictional limits of a municipal court.

**PROCEDURAL HISTORY**

Mr. Adelstein filed suit on Walmart on August 19, 2022, and service was perfected on August 30, 2022.

Walmart filed its Answer and Partial Motion to Dismiss on November 21, 2022.

Mr. Adelstein is concurrently filing his First Amended Class Action Complaint with this Motion to Transfer.

**APPLICABLE LAW**

Pursuant to Rev. Code § 1901.17, "[a] municipal court shall have original jurisdiction only in those cases in which the amount claimed ... does not exceed fifteen thousand dollars." Pursuant to Civ. R. 13(J) "[i]n the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."

(19.)

1

To determine the jurisdictional limits of the court, one must aggregate the damages for each claim for relief in Mr. Adelstein's class claims against Walmart. Civ.R. 23(F). In this case, the amended pleading alleges class claims against Walmart for potentially hundreds if not thousands of putative claim members. As a result, the amount of actual and statutory damages will exceed $500,000, far exceeding the $15,000 jurisdiction limit of the municipal court.

## CONCLUSION

WHEREFORE, since the amount of the aggregate damages for the claims for relief sought by Mr. Adelstein exceeds the jurisdictional limit of this Honorable Court, it lacks subject matter-jurisdiction hereof. As a result, Mr. Adelstein respectfully moves this Honorable Court to transfer the matter to the Cuyahoga County Court of Common Pleas.

Respectfully submitted,

Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Jacquelyn S. Frederick (#0080953)
**Frederick & Berler LLC**
767 E. 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400 (fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
jacquelynf@clevelandconsumerlaw.com

/s/Laura A. DePledge
Laura A. DePledge (#0067632)
**DePledge Law Office, Inc.**
7408 Center Street
Mentor, OH 44060
Email: depledgelawinc@aol.com
Phone: (440) 255-7755
Fax: (440) 255-7756

*Counsel for Plaintiff Mr. Adelstein and the Class*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a copy of the foregoing was filed on this 16th day of December 2022. A copy of the foregoing was sent via electronic mail and USPS mail to the following parties:

David C. Landever, Esq.
Taylor L. Gamm, Esq.
**Barrasso Usdin Kupperman, Freeman, & Sarver, LLC**
20046 Walker Road, Suite 5
Shaker Heights, OH 44122
dlandever@barrassousdin.com
tgamm@barrassousdin.com

*Counsel for Defendant Walmart, Inc.*

Ronald I. Frederick (#0063609)
Frederick & Berler LLC

*One of the Attorneys for Mr. Adelstein and the Class*

**IN THE BEDFORD MUNICIPAL COURT**
**CUYAHOGA COUNTY**

RECEIVED AND FILED

DEC 1 9 2022

THOMAS E. DAY, JR.

| | |
|---|---|
| KEVIN ADELSTEIN, *on behalf of himself and all those similarly situated,* | )<br>) |
| | ) CASE NO: 22CVF03442 |
| Plaintiff, | )<br>) JUDGE BRIAN J. MELLING<br>) |
| vs. | )<br>) **FIRST AMENDED CLASS** |
| WALMART, INC. dba WALMART, | ) **ACTION COMPLAINT**<br>) |
| Defendant. | )<br>) |

NOW COMES Plaintiff Kevin Adelstein ("Plaintiff" or "Mr. Adelstein"), by and through undersigned counsel, and as a matter of right pursuant to Civ.R. 15, within 28 days of the motion to dismiss under Civ.R. 12(B)(6) filed by the Defendant Walmart, Inc. dba Walmart ("Walmart"), alleges and avers for his First Amended Class Action Complaint as follows:

**INTRODUCTION**

1.      Walmart advertises its products online for one price, but charges customers a higher price for the same products in Walmart stores. Walmart's bait and switch practices violate Ohio's Consumer Sales Practices Act, R.C. § 1345.01 et seq. ("CSPA") and is common law fraud.  Plaintiff and the others who fell for Walmart's bait and switch practices are entitled to relief.

**PARTIES**

2.      Mr. Adelstein resides in Moreland Hills, Cuyahoga County, Ohio.

3.      Mr. Adelstein is an individual and a "consumer" who purchased goods from Walmart for his personal, family or household use, as defined by R.C. § 1345.01(D).



1

4.     Walmart is an Arkansas corporation in the business of selling household goods to consumers for their personal, family or household use and is registered to do business in Ohio.

5.     Walmart is a "supplier" under R.C. § 1345.01(C) engaged in the business of effecting or soliciting consumer transactions, including selling household goods to individuals for personal, family or household use.

6.     Mr. Adelstein's purchase of household goods from Walmart was a "consumer transaction" as that term is defined in R.C. § 1345.01(A).

**INDIVIDUAL FACTS OF MR. ADELSTEIN'S TRANSACTION**

7.     On August 8, 2022, Mr. Adelstein viewed multiple products advertised on Walmart.com which is Walmart's website. The website indicated that these products were available for purchase at the Aurora Walmart nearby.

8.     Walmart advertised a Preen Extended Control Weed Preventer ("Preen"), 4.93 lb at the price of **$19.97**. Exhibit 1, Preen Advertisement.

9.     Walmart advertised Ortho Ground Clear Weed Concentrate (32 ounces) at $15.99 ("Ortho") at the price of **$15.99.** Exhibit 2, Ortho Advertisement.

10.    Walmart advertised Meguiars Hybrid Ceramic Wax (26 ounces) ("Wax") at the price of **$15.95**. Exhibit 3, Wax Advertisement.

11.    However, when Mr. Adelstein visited the store the same day to purchase the items, Walmart charged higher prices to him for these products than it had advertised.

12.    Mr. Adelstein was **charged $21.77 for the Preen, or $1.80 more than $19.97 advertised online**. Exhibit 4, Walmart Receipt.

2

13.     Mr. Adelstein was **charged $19.97 for the Wax, or $4.02 more than the $15.95 advertised online**. Exhibit 4, Walmart Receipt.

14.     Mr. Adelstein was **charged $23.87 for the Ortho or $7.88 more than the $15.99 advertised online**. Exhibit 4, Walmart Receipt.

15.     Walmart acted knowingly when it violated Ohio consumer protection laws because they are clearly delineated in the Ohio Administrative Code and such acts have been declared unlawful in cases found in the Ohio Attorney General's Public Inspection File.

## FACTS PERTAINING TO THE CLASSES

16.     Walmart regularly advertises products as available for specific prices on its website, www.walmart.com ("Walmart.com").

17.     The Walmart.com website does not contain any disclosure on the first page that states that any product advertised may be sold in Walmart stores for different prices.

18.     These advertisements contain no limitations and no disclosures to alert that the price advertised is only available if the products are purchased online.

19.     Walmart has a Price Match Policy.

20.     That policy states as follows:

> **Purchases Made in a Walmart U.S. Store**
>
> For identical items purchased in a Walmart U.S. store, we will match the item price advertised on Walmart.com (Restrictions apply – see below).
>
> The following limitations apply:
>
> (1) The customer must inform the associate of the price
>
> (2) The item must be currently in-stock on Walmart.com at the time the Price Match is requested
>
> (3) We reserve the right to verify the price and the availability of the identical item (i.e., size, model, quantity, brand, or color, etc.)

3

(4) If the register prompts for supervisor approval, the supervisor <u>must</u> verify the price and availability of the identical item (i.e., size, model, quantity, brand, or color, etc.), by logging onto the Walmart.com website through a store terminal, before the price will be matched

(5) We reserve the right to limit quantities to one-per-customer, per item, per day. Quantities are limited in New Mexico on for the purchase for resale. Price match is not available in Alaska, Hawaii, or Puerto Rico.

21.     On information and belief, Walmart in-store managers are authorized to make available store products at any advertised price.

22.     Upon information and belief, Walmart utilizes a single item number for each product sold across all Walmart platforms.

23.     These platforms include, but are not limited to Walmart stores, Walmart.com, Sam's Club stores and SamsClub.com.

24.     Although Walmart store managers are able to honor prices for purchases from the Walmart.com website, the managers are reluctant to do so because the lower price reduces the store's profit and Walmart managers are incentivized and paid based on store profitability.

25.     The discounts count against the manager's profitability even though if it were sold through Walmart.com, it would not.

26.     Consumers can order advertised products online for store pick up.

27.     If advertised products are ordered online for store pick up, they pay the advertised price.

28.     What consumers are not told is if consumers go into a store and purchase the advertised products in-store, Walmart charges a price higher than advertised on its website.

29.     Each Class member has been damaged in the same way and their damages can be determined on a class-wide basis since the damages are based on the difference between

4

the higher amounts paid for goods when purchased in-store above and the price that Walmart advertises for those products online.

## CLASS ACTION ALLEGATIONS

30.    Mr. Adelstein brings this action pursuant to Rule 23 of the Ohio Rules of Civil Procedure on behalf of himself and two classes of similarly situated individuals, defined as follows:

a.  **"CSPA Sale at Over Advertised Price"**: All customers, who within two (2) years prior to the date of filing of the original complaint (August 19, 2022) to the date this case is certified, purchased a product in Ohio from Walmart, and were charged a price greater than the price advertised on Walmart.com.

b.  **"Fraud Sale at Over Advertised Price"**: All customers, who within four (4) years prior to the date of filing of the original complaint (August 19, 2022) to the date this case is certified, purchased a product in Ohio from Walmart, and were charged a price greater than the price advertised on Walmart.com.

31.    Class members can be identified by Walmart records. Walmart.com's computer system tracks and maintains records of every product advertised and the advertised price of each item over time.

32.    Walmart's in-store POS cashier systems keep a record of all items sold and the sale price of each item. Thus, items sold for a sale price greater than an advertised price can be easily determined.

33.    Moreover, customers who bought these items can be identified by the detailed records of sales paid for by credit or debit card. Walmart store customers generally utilize credit or debit cards for the vast majority of transactions.

34.    Likewise, Walmart has detailed records of all items purchased by holders of Walmart or Sam's Club credit cards.

35.    Walmart has records for all items purchased at its stores and the price paid.

5

36.     Purchasers using checks, credit cards, and debit cards can be identified by cross-reference to receipts and customer names on checks and card, which are maintained electronically.

37.     The exact number of class members is unknown but can be determined from records maintained by Walmart and is anticipated to be in the thousands.

38.     Common and predominant questions of fact and law affect the rights of each class member, and class members seek common relief by way of damages, injunction, and declaratory relief.

39.     Such common and predominate question of fact and law include in part:

   a.   Whether Walmart.com makes offers to sell products online or through a digital medium;

   b.   Whether Walmart routinely advertises products for sale on Walmart.com;

   c.   Whether Walmart routinely fails to sell products for the advertised price;

   d.   Whether Walmart routinely makes offers for its products in its written and printed advertising and promotional literature;

   e.   Whether Walmart routinely makes offers to sell its products in its online advertisements;

   f.   Whether Walmart routinely makes offers to sell its products in its audiovisual advertisements;

   g.   Whether Walmart fails to state material exclusions, limitations, conditions, or modifications, clearly and conspicuously, and in close proximity to the words stated in its offers to sell products through Walmart.com;

   h.   Whether Walmart's conduct violated OAC §109:4-3-02 (A);

i.   Whether Walmart's conduct violated OAC §109:4-3-02 (B);

j.   Whether Walmart's conduct violated OAC §109:4-3-02 (D);

k.   Whether Walmart's conduct violated the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et. seq.*;

l.   Whether the additional sales tax charged on a product that is sold for more than the advertised price is part of a consumer's damage;

m.   Whether Walmart had a duty to sell products it advertised on Walmart.com for the advertised price;

n.   Whether Walmart and Walmart.com intentionally advertised prices knowing consumers would be induced to go to Walmart stores and purchase goods based on the prices Walmart advertised;

o.   Whether Plaintiffs justifiably relied on Walmart.com's representations of its prices for its goods.

40.   Mr. Adelstein will adequately represent all members of the Class as his claims are not just typical but identical to class members. Mr. Adelstein was charged a higher price for the products he purchased at a Walmart store than Walmart's advertised price for those products.

41.   Mr. Adelstein has no relationship with Walmart other than as a consumer.

42.   Mr. Adelstein's interests are antagonistic to Walmart's, and he will vigorously pursue the interests of the Class. Mr. Adelstein does not have interests antagonistic to the members of the proposed classes.

43.   Mr. Adelstein has an agreement with the undersigned counsel, where counsel will advance all necessary and reasonable costs to litigate this action.

7

44.     The undersigned counsel has handled numerous class actions and is litigating the current case on a contingency basis. Counsel will receive compensation only as awarded by this Court.

45.     A class action provides a fair and efficient way of adjudicating this controversy. The substantive claims of Mr. Adelstein and the Class are identical and will require evidentiary proof of the same kind and application of the same law.

46.     In almost all instances, Walmart customers are unaware that they were charged more than advertised as they simply relied on Walmart's honesty without checking their receipts, and they do not know that claims exist on their behalf.

47.     To the extent that class members are aware of their claims, their damages are in such amounts that, when taken individually, are too small to justify the expense of separate lawsuits.  However, if their damages are aggregated, the amount at issue makes litigation financially feasible. Therefore, a class action is the superior and probably only procedure for class members to pursue their claims.

48.     Mr. Adelstein sees no unusual legal or factual issues that would become a major focus of the litigation or that would cause management problems that are not normally and routinely handled in class actions. Damages can be determined from information in records maintained by Walmart.

49.     Mr. Adelstein saw the products he wanted and was enticed to visit Walmart based upon Walmart's online advertisement and those advertised prices at his home in Cuyahoga County.

## CLAIM I
Violation of CSPA, R.C. § 1345.02
Deceptive pricing

50.     Mr. Adelstein alleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

51.     R.C. § 1345.02(A) prohibits unfair and deceptive acts generally.

52.     R.C. § 1345.02(B) enumerates specific conduct as unfair and deceptive.

53.     R.C. § 1345.02(B)(8) prohibits suppliers from representing "a specific price advantage exists, if it does not."

54.     Ohio courts have held that a "supplier's practice of failing to honor guaranteed or promised prices is an unfair, deceptive and unconscionable act or practice in violation of the Consumer Sales Practices Act." State ex rel. Petro v. Level Propane Gases, Inc., PIF 10002198, 2002 WL 24289604, *3 (Del. Cty. C.P. 01-CVH-01-018).

55.     Walmart represented in its advertisement that the Preen was for sale at the price of **$19.97**. Exhibit 1, Preen Advertisement.

56.     Walmart represented in its advertisement that the Ortho was for sale at the price of **$15.99**. Exhibit 2, Ortho Advertisement.

57.     Walmart represented in its advertisement that the Wax was for sale at the price of **$15.95**. Exhibit 3, Wax Advertisement.

58.     However, none of these products were for sale at the price Walmart represented.

59.     Rather, they were for sale at higher price, and Walmart charged a higher price for them than advertised. Exhibit 4, Walmart Receipt.

60.     In the same manner, Walmart regularly represents products in advertisements as available at specific prices but then charges customers higher prices.

9

61.     Thus, by custom and practice, Walmart violates R.C. § 1345.02(B)(8) by representing that "a specific price advantage [exists for specific goods, e.g., the good purchase by Plaintiff were available, for a specific advertised low price], if it does not," and in fact, the goods are not available for the lower advertised price.

62.     Walmart's violation of R.C. $ 1345.02(B)(8) is the proximate cause of the damages suffered by Mr. Adelstein and the respective class in the amount paid over the advertised price along with the sales tax paid on the higher price paid, and interest on the amount paid over the advertised price.

63.     Therefore, Mr. Adelstein and the respective class are entitled to the relief set forth in R.C. § 1345.09.

## CLAIM II
### Violation of OAC §109:4-3-02 (A)

64.     Mr. Adelstein alleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

65.     In addition to the violations specified by the statute, the Consumer Sales Practices Act ("CSPA") authorizes the Ohio Attorney General to adopt "substantive rules defining with reasonable specificity acts or practices that violate" the CSPA. R.C. §1345.05(B)(2), O.A.C. 109:4-3-01(A)(2), R.C. 1345.05(F).

66.     Among those substantive rules is OAC § 109:4-3-02 **Exclusions and limitations in advertisements**, which states in relevant part:

**(A)(1) It is a deceptive and unfair act or practice in connection with a consumer transaction for a supplier,** in the sale or offering for sale of goods or services, to **make any offer in written or printed advertising or promotional literature without stating clearly and conspicuously in close proximity to the words stating the offer any material exclusions, reservations, limitations, modifications, or condition**s. Disclosure shall be easily legible to anyone reading

the advertising or promotional literature and shall be sufficiently specific so as to leave no reasonable probability that the terms of the offer might be understood.

**(2)    The following are examples . . .**

(d) (i) **An advertisement** for a service or **item of goods sold from more than one outlet** under the direct control of the supplier causing the advertisement to be **made must state**:

    (a) Which outlets . . . do not have certain features mentioned in the advertisement
    (b) Which outlets . . . charge rates higher than the rate mentioned in the advertisement.

(ii) **An advertisement** for a service or **item of goods sold from outlets not under the direct control of the supplier** causing the advertisement to be made does not violate . . . if it **states that the service or item of goods is available only at participating independent dealers**.

67.    Walmart advertised the goods without indicating that the sale was only specific to certain stores or online. In fact, in Mr. Adelstein's case, Walmart advertised prices for the goods available at the nearby Walmart where he made the purchase and on the same day that he viewed the advertisement.

68.    Walmart advertises goods at a specific price without any limitation, modification, condition, reservation, or exclusion, and with respect to Mr. Adelstein's transaction with no disclosure or wording that would notify him that the goods could not be purchased at the price advertised by Walmart online.

69.    Walmart's **false advertisement of the good**s **is and was material** as it has to do with the price, which is a crucial factor for any reasonable consumer in purchasing goods.

70.    Walmart violated substantive rule **OAC § 109:4-3-02(A)(1)** after Ohio courts declared a violation of the Exclusions and Limitations in Advertising Rule ("ELAR") is a violation of the Ohio's Consumer Sales Practices Act, R.C. 1345.02(A) and after these decisions were made available for public inspection, pursuant to R.C. § 1345.05(A)(3). See

*Gene Norris Enterprises, Inc. dba Gene Norris Honda v. State ex rel. Montgomery*, OPIF#10001855, Case No. 98 CV001718 (C.P. Lake County, April 28, 2000); *In Re: Rhodes Furniture*, OPIF#10002008, Case No. 196997, September 7, 2001; *Crow v. Fred Martin Motor Co.*, OPIF#10002156, Case No. 21128 (Ct. App. 9th Dist. May 14, 2003).

71.     As a direct and proximate result of Walmart's advertising goods without disclosing limitations, conditions, or exclusions in close proximity to the advertised prices and then selling those goods over their advertised prices, Mr. Adelstein and class members were deceived into paying a higher price.

72.     Mr. Adelstein and class members were damaged thereby and are entitled to the relief set forth in R.C. § 1345.09.

## CLAIM III
### Violation of OAC §109:4-3-02(B)

73.     Mr. Adelstein realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

74.     Pursuant to OAC § 109:4-3-02(B):

**Offers** made **through any** audio or audiovisual **medium** including advertisements via radio, television, or an **online** or digital medium, must be preceded, or immediately followed by a conspicuously clear oral or **written statement** of any material exclusions, reservations, limitations, modifications, or conditions. Oral disclosures in audio or audiovisual advertisements must be spoken with sufficient deliberateness, clarity, and volume so as to afford a consumer a reasonable opportunity to hear and understand them. **Written disclosures** in audiovisual advertisements should appear in a form and for a duration sufficient to afford a consumer a reasonable opportunity to read and understand them. [Emphasis added].

75.     OAC § 109:4-3-02(B) regulates advertisement through an "audiovisual medium," including online advertising.

76.  OAC § 109:4-3-02(B) regulates advertisement through an "audiovisual medium," including online advertising, regardless of whether the advertisement itself contains any audio.

77.  OAC § 109:4-3-02(B) regulates all advertisement through an "audiovisual medium," even if the advertisement in this medium is only written.

78.  This is clear from the plain text of the regulation which states, "**Offers made through any audio or audiovisual medium**" – and no "audio offer" in such medium.

79.  Additionally, the regulation clearly anticipates a written offer is such a medium as it refers to "**written statement**" and "**Written disclosures**."

80.  Walmart advertises online prices for household goods, including the Preen, Ortho, and Wax, that was purchased by Mr. Adelstein.

81.  Walmart fails to provide any written statement of material exclusions, reservations, limitations, modifications, or conditions regarding the sale price of the items at all, let alone in a form for a duration sufficient to afford a consumer a reasonable opportunity to read and understand them.

82.  Walmart's violations of OAC § 109:4-3-02(B) by this failure is the proximate cause of the damages suffered by Mr. Adelstein and the classes in paying higher prices than Walmart's online advertised prices, and the sales tax and interest related to the higher amounts paid.

83.  Mr. Adelstein and class members were damaged thereby and are entitled to the relief set forth in R.C. § 1345.09.

## CLAIM IV
### Violation of OAC § OAC §109:4-3-02(D)

84.    Mr. Adelstein realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

85.    **Pursuant to OAC § 109:4-3-02(D):**

It is a deceptive act or practice in connection with an offer made through any online or digital medium, **to make any offer without stating clearly and conspicuously, in close proximity to the words stating the offer, any material exclusions, reservations, limitations, modifications, or conditions. Disclosures should be as near to, and if possible, on the same screen, as the triggering offer.** If scrolling or a hyperlink is necessary to view the disclosure, the advertisement should guide consumers with obvious terms or instructions to scroll down or click on the hyperlink. Hyperlinked disclosures should lead directly to the disclosed information and **not require scrolling or clicking on any additional hyperlinks**. [Emphasis added].

86.    Walmart advertised online prices for household goods, including the Preen, Ortho, and Wax, purchased by Mr. Adelstein.

87.    Walmart advertises prices for the goods without disclosing conditions, limitations, modifications, reservations, or exclusions in close proximity to its offers. E.g., Exhibits 1-3.

88.    Walmart charges (and charged Mr. Adelstein) a higher price for the goods than advertised online by Walmart. E.g., Exhibit 4, Walmart Receipt.

89.    Walmart falsely represents the price for the goods in its advertisements and the price of goods is always **material** to a consumer's decision to make his purchases; and it was material to Mr. Adelstein.

90.    As a direct and proximate cause of Walmart's violation of substantive rule OAC § 109:4-3-02(D), Mr. Adelstein and the classes suffered actual damages, including, but not

limited to, the amount paid over the advertised price, extra sales tax, and interest on the higher amounts paid.

91.     Mr. Adelstein and class members were damaged thereby and are entitled to the relief set forth in R.C. § 1345.09

## CLAIM V
### Fraud, Fraud in the Inducement, Fraudulent Representations

92.     Mr. Adelstein realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

93.     Walmart intentionally and knowingly advertises products online for specific prices to induce consumers to purchase those goods.

94.     Mr. Adelstein went online and observed Walmart's prices for the Ortho, Preen, and Wax products (specifically Exhibits 1-3) and was induced to buy those products in response to Walmart's advertisements.

95.     Mr. Adelstein justifiably and reasonably relied on Walmart's representation regarding the prices for the products Walmart advertised.

96.     Walmart knowingly, recklessly, and/or intentionally advertised specific prices for the products and then sold those products to Mr. Adelstein for more than Walmart represented it would sell the products for to Mr. Adelstein. Exhibit 4, Walmart Receipt.

97.     Walmart had a duty to sell the Preen, Ortho, and Wax at the prices that it represented to Mr. Adelstein in Walmart's advertisements.

98.     In the same manner, Walmart regularly advertises prices for consumer goods at specific prices, consumers reasonably rely on these advertisements in going to Walmart and making their purchases of these goods, and consumer are then damaged in paying higher prices than advertised.

99.     Walmart acts knowingly, recklessly, and/or intentionally in misrepresenting product prices, and it is fails to properly disclose price information when it has a duty to do so.

100.     Walmart made the false representations and omissions described above with the intent that Mr. Adelstein and other class members would rely on the representations.

101.     Mr. Adelstein and respective class members were proximately injured by Walmart's false representations and omissions by paying a higher amount for the products than was promised by Walmart's representations.

102.     Mr. Adelstein and respective class members are therefore entitled to recover damages and other relief by this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Adelstein respectfully prays for relief as follows:

A) an order certifying this case as a class action, and certifying the proposed classes as defined herein;

B) An order finding and declaring the acts and practices of Walmart as challenged herein are unfair, deceptive and/or unconscionable.

C) An order preliminarily and permanently enjoining Walmart from engaging in the practices challenged herein;

D) Actual damages of at least the amount charged over the amount of the advertised price, statutory damages, punitive damages, treble damages, the extra sales tax, and interest for loss of use, prejudgment interest on all damages , and attorney fees for violations of the CSPA and as available under common law; and

E) any other further relief as this Honorable Court deems just and proper.

16

Respectfully submitted,

Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Jacquelyn S. Frederick (#0080953)
**Frederick & Berler LLC**
767 E. 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 609-0750 (fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
jacquelynf@clevelandconsumerlaw.com

*/s/Laura A. DePledge*
Laura A. DePledge (#0067632)
**DePledge Law Office, Inc.**
7408 Center Street
Mentor, OH 44060
depledgelawinc@aol.com
Phone: (440) 255-7755
Fax: (440) 255-7756

*Counsel for Plaintiff Mr. Adelstein and the Class*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed on this 16th day of December 2022. A copy of the foregoing was sent via electronic mail and USPS mail to the following parties:

David C. Landever, Esq.
Taylor L. Gamm, Esq.
**BARRASSO USDIN KUPPERMAN, FREEMAN, & SARVER, LLC**
20046 Walker Road, Suite 5
Shaker Heights, OH 44122
dlandever@barrassousdin.com
tgamm@barrassousdin.com

*Counsel for Defendant Walmart, Inc.*

Ronald I. Frederick (#0063609)
Frederick & Berler LLC

*One of the Attorneys for Plaintiff Mr. Adelstein and the Class*

Exhibit 1



## Results for "preen extended control weed preventer" (85)

Popular pick



+ Add

**$19.97**

Preen Extended Control Weed Preventer - 4.93 lb. - Covers 805 sq. ft.

★★★★½ 196

**Save with W+**

Pickup   Delivery

1-day shipping

+ Add

**$64.99**

Preen Extended Control Weed Preventer - 21.45 lb. - Covers 3,500 sq. ft.

★★★★½ 171

**Save with W+**

3+ day shipping

Shop   My Items   Search   Services   Account

Exhibit 2



6:28  ◀  ▲  ⌁  5G

< 🔍 ortho ground clear [||||]  🛒 0 $0.00

✓ How do you want your items? | 44022  ⌄



♡

**+ Add**

**$41.61**

Ortho GroundClear Vegetation Killer Concentrate

★★★★☆ 22

3+ day shipping

♡

**Options**

**From $15.99**

Ortho Groundclear Weed & Grass Killer2 Concentrate, 32 oz.

★★★★⯪ 141

**Save with W+**

Pickup   Delivery

2-day shipping

♡

♡



🏠 Shop   ⬇️ My Items   🔍 Search   ⊞ Services   👤 Account

Exhibit 3



6:38

.ıl 5G

meguiars ceramic wa.

Size: 26 fl oz

**26 fl oz**

**$15.95**

Pickup, **tomorrow** at Aurora Supercenter

Aisle 127

Delivery from store, **tomorrow** to 50 Ridgecreek Trl

**Buy now**     **Add to cart**

Exhibit 4



Give us feedback @ survey.walmart.com
Thank you! ID #:7RGMH714645X

# Walmart

330-562-0000 Mgr:CHARLES
7235 MARKET PLACE DR
AURORA OH 44202
ST# 03250 OP# 009045 TE# 45 TR# 06008
JIF PBUTTER  005150025516 F    2.76 N
CARD        060503050391        3.97 X
PHONE HOLDER 084487501427      14.96 X
OIL FILT PLI 082090901208       5.78 X
PREEN EXTEN  008868564092      21.77 X   → $19.97 ONLINE
WD GR CONC   007154946503      23.87 X
RGS AERO AP  001700006826       4.98 X
HYD CRMC WX  007038201383      19.97 X   → $15.95 ONLINE
TTL WHT GEL  082785400191       6.96 X
                    SUBTOTAL   105.02
          TAX 1  6.750 %         6.90
                       TOTAL   111.92
                  VISA  TEND   111.92
CHASE VISA   **** **** **** 3238 I 1
APPROVAL # 07600C
REF # 222000746244
TRANS ID - 382220853730693
VALIDATION - 7XH8
PAYMENT SERVICE - E
AID A0000000031010
AAC 55002D849E528E42
TERMINAL # SC120410
        08/08/22    19:42:57
              CHANGE DUE     0.00
           # ITEMS SOLD 9
TC# 5036 5939 3948 3996 1675 9

*handwritten annotations:* ON-LINE $15.99 (pointing to WD GR CONC line)



# FREDERICK &BERLER LLC



December 16, 2022

Bedford Municipal Court
Attn: Clerk of Court – Civil
165 Center Road
Bedford, OH 44146

Re:   *Adelstein, Kevin v. Walmart, Inc.*
      Bedford Municipal Court, Case No.: 22CVF03442

Dear Clerk,

Enclosed please find the following documents for filing in the above referenced matter:

- Amended Class Action Complaint
- Motion to Transfer to Court of Common Pleas

Please return a timestamped copy of each filing to our office in the enclosed addressed and stamped envelope.

Also enclosed are two checks:

- The check for $45.00  is for the filing of the Motion to Transfer to Common Pleas Court.
- The check for $250.00 is Cuyahoga County Common Pleas filing fee for the transfer of the case. If and when the case is ordered to be transferred, please send this check to Cuyahoga County Common Pleas Court with the case file.

Additionally, enclosed please find a case designation sheet to be sent to Cuyahoga County Common Pleas Court with the case file and the $250.00 check.

If   you   should   have   any   questions,   please   feel   free   to   email   me   at ashleys@clevelandconsumerlaw.com or call me directly at 216-310-8600.

Sincerely,

Ashley M. Sorley
*Paralegal*

Encl.

767 E. 185th Street • Cleveland, Ohio 44119
216-502-1055 • fax 216-609-0750 • www.clevelandconsumerlaw.com

# IN THE BEDFORD MUNICIPAL COURT
## CUYAHOGA COUNTY

| | | |
|---|---|---|
| KEVIN ADELSTEIN | ) | CASE NO: 22-CVF-03442 |
| Plaintiff, | ) | JUDGE BRIAN J. MELLING |
| vs. | ) | **NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL FOR PLAINTIFF** |
| WALMART, INC. dba WALMART | ) | |
| Defendant. | ) | |

Please take notice that the undersigned, Ronald I. Frederick, Michael L. Berler, and Jacquelyn S. Frederick of Frederick & Berler, LLC, hereby enter their appearance as additional counsel for Plaintiff Kevin Adelstein. Please direct all motions, pleadings, order, and other papers to the undersigned counsel at the address and emails listed below.

Respectfully submitted,

/s/Ronald I. Frederick
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Jacquelyn S. Frederick (#0080953)
**Frederick & Berler LLC**
767 E. 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400 (fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
jacquelynf@clevelandconsumerlaw.com

/s/Laura A. DePledge
Laura A. DePledge (#0067632)
**DePledge Law Office, Inc.**
7408 Center Street
Mentor, OH 44060
Email: depledgelawinc@aol.com
Phone: (440) 255-7755
Fax: (440) 255-7756
*Counsel for Plaintiff Mr. Adelstein and the Class*

o: Clerk of Courts Bedford    From: Ronald Frederick

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of December 2022 a copy of the foregoing was faxed

as follows:

Bedford Municipal Court
165 Center Road
Bedford, OH 44146-2898
Fax: (440) 232-2510

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
**Frederick & Berler, LLC**

*One of the Attorneys for Plaintiff Mr. Adelstein and
the Class*

2



# FREDERICK & BERLER, LLC

767 East 185th Street
Cleveland, OH 44119
(216) 502-1055
FAX (216) 609-0750

## FAX COVER SHEET

| To: | Bedford Municipal Court<br>c/o Clerk of Court – Civil Division |
|---|---|

| Fax No.: | 1-(440) 232-2510 |
|---|---|

| From: | Emily R. Schaffner, Paralegal |
|---|---|

| Date: | December 16, 2022 |
|---|---|

| Subject: | Notice of Appearance |
|---|---|

| Pages: | 3 (including cover) |
|---|---|

| Notes: | Good Afternoon,<br><br>Attached please find Plaintiff's Notice of Appearance, As to Plaintiff Kevin Adelstein only, to be filed in the case of Adelstein, Kevin v. Walmart, Inc., Case No.: 22CVF03442.<br><br>Thank You! |
|---|---|

**CONFIDENTIALITY NOTICE:** This email message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use or disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

STATE OF OHIO          )        IN THE Bedford Municipal Court
                          SS.
COUNTY OF CUYAHOGA COUNTY   )
                          CASE NO.   22CVF03442


KEVIN ADELSTEIN

          Plaintiff(s)

          - vs -         )    JOURNAL ENTRY OF JUDGMENT

WALMART, INC
IN C/O ITS STATUTORY AGENT CT CORPORATION SYSTEM

          Defendant(s)    )


   This matter came on for consideration on December 8 , 2022, upon Defendant's Motion for Extension of Time. The Court finds Defendant's request is well taken and the same is hereby granted. Therefore, Defendant's reply brief is due by 01/06/2023.

   IT IS SO ORDERED.

   Adjudicated by Judge Brian J Melling


                          _____
                               JUDGE

cc:
  KEVIN ADELSTEIN
  WALMART, INC

**RECEIVED**   **Tuesday, December 13, 2022**
THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT  JOURNAL BOOK/PAGE 608 - 23



RECEIVED AND FILED

DEC 07 2022

THOMAS E. DAY, JR
CLERK OF COURT
BEDFORD MUNICIPAL COURT

# IN THE BEDFORD MUNICIPAL COURT
## CUYAHOGA COUNTY

KEVIN ADELSTEIN )          CASE NO.:  22CVF03442
                       )
            Plaintiff,  )
                       )
v.                     )
                       )
WALMART INC.           )          **MOTION FOR**
                       )          **EXTENSION OF TIME**
            Defendant.  )

## WALMART INC.'S MOTION FOR AN
## EXTENSION OF TIME TO FILE REPLY BRIEF

Defendant Walmart Inc. respectfully requests that the Court extend Walmart's time to file

its reply brief in support of its motion to dismiss until January 5, 2023.  After the Court's granting

of Plaintiff's Motion for an Extension to File his opposition, Walmart's reply brief would

otherwise be due December 26, 2022.  In light of the holidays around its current deadline, Walmart

requests an extension of 10 days to file its reply brief.

For these reasons, Walmart respectfully requests that the Court grant it until January 5,

2023 to file its reply brief in support of its motion to dismiss.

This the 7th day of December, 2022.

Respectfully submitted,

_____
David C. Landever, Bar No. 0065377
Taylor L. Gamm, Bar No. 98020
BARRASSO USDIN KUPPERMAN
      FREEMAN & SARVER, L.L.C.
20046 Walker Road, Suite 5
Shaker Heights, Ohio 44122
Telephone:  216-453-8583
Facsimile:  504-589-9701
dlandever@barrassousdin.com
tgamm@barrassousdin.com



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all known counsel of record by depositing same in the United States mail, properly addressed and postage pre-paid this 7th day of December 2022.

*1868333v1*

2

**Antrina Bailey**

| | |
|---|---|
| **From:** | Katherine A. Holley <kholley@barrassousdin.com> |
| **Sent:** | Wednesday, December 07, 2022 12:17 PM |
| **To:** | FormsRequest |
| **Cc:** | Lisa Braun; Aurora Coffaro; Antrina Bailey; Joe Pfundstein; Bobbie Dulaney |
| **Subject:** | Kevin Adelstein v. Walmart, Inc.; Beford Municipal Court; Cause No: 22CVF0442 |
| **Attachments:** | 2022-12-07 Walmart Inc.'s Motion for Extension of Time to File Reply Brief.pdf |

*RECEIVED AND FILED*
*DEC 07 2022*
*THOMAS ... JR.*

Dear Clerk:

On behalf of Defendant Walmart Inc., attached please find Walmart, Inc.'s Motion for Extension of Time to File Reply Brief to be filed in the above-referenced matter.

I ask that you please confirm receipt of this filing.  Your assistance in this matter is greatly appreciated.

Thank you,

**Katherine A. Holley**
Legal Secretary to David C. Landever, Kyle W. Siegel, Shaun P. McFall
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350 | New Orleans, LA 70112
Direct: (504) 589-9785 | Main: (504) 589-9700 | Fax: (504) 589-9701
kholley@barrassousdin.com | www.barrassousdin.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

1

STATE OF OHIO                         )          IN THE Bedford Municipal Court
                                      SS.
COUNTY OF CUYAHOGA COUNTY             )
                                      CASE NO.   22CVF03442


KEVIN ADELSTEIN

                    Plaintiff(s)

                    - vs -           )      JOURNAL ENTRY OF JUDGMENT

WALMART, INC
IN C/O ITS STATUTORY AGENT CT CORPORATION SYSTEM
                    Defendant(s)          )


   This matter came on for consideration on November 30, 2022, upon Plaintiff's Motion
for Extension of Time to file Brief in Opposition. The Court finds Plaintiff's request is
well taken and the same is hereby granted.  Therefore, Plaintiff to file said brief by
 12/19/2022.

   IT IS SO ORDERED.

   Adjudicated by Judge Brian J Melling


                                    _____
                                              JUDGE


cc:
  KEVIN ADELSTEIN
  WALMART, INC

  **RECEIVED**    **Thursday, December 1, 2022**
  THOMAS E. DAY, JR.
  CLERK OF COURT
  BEDFORD MUNICIPAL COURT    JOURNAL BOOK/PAGE 607 - 48



# IN THE BEDFORD MUNICIPAL COURT
## CUYAHOGA COUNTY

| | | |
|---|---|---|
| KEVIN ADELSTEIN, | ) | CASE NO: 22-CVF-03442 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIAN J. MELLING |
| | ) | |
| vs. | ) | **MOTION FOR FOURTEEN (14) DAY** |
| | ) | **EXTENSION OF TIME TO FILE** |
| WALMART, INC. dba WALMART, | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **DEFENDANT'S PARTIAL MOTION** |
| Defendant. | ) | **TO DISMISS** |

**NOW COMES** Plaintiff Kevin Adelstein ("Mr. Adelstein"), by and through the undersigned Counsel, and hereby respectfully requests this Honorable Court grant his request for an extension of fourteen (14) days, up to and including December 19, 2022, to file his Brief in Opposition to Defendant Walmart, Inc.'s Partial Motion to Dismiss. Plaintiff's response is currently due on December 5, 2022. **Plaintiff requests and extension of fourteen (14) days, making his response due December 19, 2022.**

Plaintiff requests this extension due to the current press of business for Plaintiff's Counsel. This Motion is not meant for the purpose of delay but is in the best interest of justice and fairness and will not prejudice either party.



1

WHEREFORE, Mr. Adelstein respectfully requests this Honorable Court grant him this request for fourteen (14) day extension of time to file his Brief in Opposition to Defendant's Partial Motion to Dismiss.

Respectfully submitted,

Laura A. DePledge (#0067632)
**DePledge Law Office, Inc.**
7408 Center Street
Mentor, OH 44060
Email: depledgelawinc@aol.com
Phone: (440) 255-7755
Fax: (440) 255-7756

*Attorney for Mr. Adelstein*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically on this 28th day of November 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of the foregoing was sent via electronic mail to the following parties:

David C. Landever, Esq.
Taylor L. Gamm, Esq.
**BARRASSO USDIN KUPPERMAN, FREEMAN, & SARVER, LLC**
dlandever@barrassousdin.com
tgamm@barrassousdin.com

*Attorneys for Defendant Walmart, Inc.*

Laura A. DePledge (#0067632)
**DePledge Law Office, Inc.**
*Attorney for Mr. Adelstein*

2

# Fax Transmission

**To:** '14402322510@shoretelfax.com'

**Fax:** 14402322510

**RE:** Court Documents

**From:** Fax 1 3rd Floor

**Date:** 11/28/2022 10:02:00 AM PST

**Pages:** 1

**Comments:**

Best Regards,

Iyonna Isom

CONFIDENTIALITY NOTICE: The preceding E-mail message, including any attachments, contains information that is confidential and constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at (216) 881-8111. Unauthorized use, dissemination, distribution, or reproduction of this message is strictly prohibited and may be unlawful. No responsibility is accepted by the sender for any loss or damage arising in any way from its use.

7408 Center Street
Mentor, OH 44060
Phone:  440-255-7755
Facsimile:  440-255-7756
E-mail:  DePledgeLawInc@aol.com

**DePledge Law Office, Inc.**

# Fax

| **To:** | Bedford Municipal Court Clerk of Courts | **From:** | Laura A. DePledge, Attorney at Law |
|---|---|---|---|
| **Fax:** | 440-232-2510 | **Pages:** | 3 (including cover) |
| **Phone:** | .440-232-3420 | **Date:** | November 28, 2022 |
| **Re:** | Kevin Adelstein v. WalMart Case No. To Be Assigned | **CC via e-mail:** | Dlandever@BarrassoUsdin.com TGamm@BarrassoUsdin.com |

☐ Urgent  ☒ **For Review**  ☐ **Please Comment**  ☐ **Please Reply**  ☐ **Please Recycle**

Enclosed for filing please find Plaintiff's Motion for Fourteen (14) day Extension of Time to File Brief in Opposition to Defendant's Partial Motion to Dismiss for the above-referenced matter.

Please time-stamp the document and return a copy via e-mail to DePledgeLawInc@aol.com, via facsimile, or process in accordance with your most current procedures.

Thank you for your attention herein.

# Bedford Municipal Court

165 Center Road * Bedford, Ohio 44146
440-232-3420 - *www.bedfordmuni.org*

## CIVIL HEARING NOTICE - CASE : 22CVF03442

WALMART, INC
*c/o* TAYLOR L GAMM
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
20046 WALKER ROAD
STE 5
SHAKER HTS, OH 44122

CAPTIONED

KEVIN ADELSTEIN
  *PLAINTIFF(S)*
     -VS-

WALMART, INC
  *DEFENDANT(S)*

The above civil matter has been scheduled for Pre-Trial in **Bedford Municipal Court, 165 Center Road, Bedford, Ohio** on **01/26/2023** at **09:00 AM**. which will be conducted via Zoom.

Your meeting id is: 987 5300 5196
the password is: 499489

NOTE:  Counsel and parties without attorneys for both sides may file a request to appear by telephone. To appear via phone you must provide the Court with a request containing the following information, unless you have already done so or it has changed:
   1) Case Number listed above
   2) Your Name
   3) Your current address, if different from above
   4) Valid contact number
You may go to *https://www.bedfordmuni.org/documents/telephonepretrial.pdf* to obtain a request form. The request must be filed at least 7 days prior to the above hearing. Parties may provide the information via fax at (440) 232-2510 Attn: Civil Pretrials or by email at *civilpretrials@bedfordmuni.org*. Generally, the Court will grant your request. If your request is denied, you will be contacted at the number you provided to the Court.

On the date and time of your hearing, join the session by dialing 1-312-626-6799 and you will be admitted to the Zoom session via telephone only when your hearing starts.

  Please be aware that multiple matters may be scheduled at the same time and your matter may not be first. You should alot a minimum of 30 minutes wait time. Failure of a party to comply and be available may result in an adverse ruling against the party.

Continuances must be approved by the Court seven (7) days prior to the scheduled hearing date.

       **Thomas E. Day, Jr., CLERK OF COURT**
       BY BEDFORD\abailey - DEPUTY CLERK
       DATE: 11/23/2022

       **FILE COPY**



# Bedford Municipal Court

165 Center Road * Bedford, Ohio 44146
440-232-3420 - *www.bedfordmuni.org*

## CIVIL HEARING NOTICE  -  CASE : 22CVF03442

KEVIN ADELSTEIN
*c/o* LAURA A DEPLEDGE
DEPLEDGE LAW OFFICE INC
7408 CENTER STREET
MENTOR, OH 44060

CAPTIONED

KEVIN ADELSTEIN
    *PLAINTIFF(S)*
        *-VS-*

WALMART, INC
    *DEFENDANT(S)*

    The above civil matter has been scheduled for Pre-Trial in **Bedford Municipal Court, 165 Center Road, Bedford, Ohio** on **01/26/2023** at **09:00 AM**. which will be conducted via Zoom.

Your meeting id is: 987 5300 5196
the password is:　499489

NOTE:  Counsel and parties without attorneys for both sides may file a request to appear by telephone. To appear via phone you must provide the Court with a request containing the following information, unless you have already done so or it has changed:
        1) Case Number listed above
        2) Your Name
        3) Your current address, if different from above
        4) Valid contact number
You may go to *https://www.bedfordmuni.org/documents/telephonepretrial.pdf* to obtain a request form. The request must be filed at least 7 days prior to the above hearing. Parties may provide the information via fax at (440) 232-2510 Attn: Civil Pretrials or by email at *civilpretrials@bedfordmuni.org*. Generally, the Court will grant your request. If your request is denied, you will be contacted at the number you provided to the Court.

On the date and time of your hearing, join the session by dialing 1-312-626-6799 and you will be admitted to the Zoom session via telephone only when your hearing starts.

        Please be aware that multiple matters may be scheduled at the same time and your matter may not be first. You should alot a minimum of 30 minutes wait time. Failure of a party to comply and be available may result in an adverse ruling against the party.

Continuances must be approved by the Court seven (7) days prior to the scheduled hearing date.

        **Thomas E. Day, Jr., CLERK OF COURT**
        BY BEDFORD\abailey - DEPUTY CLERK
        DATE: 11/23/2022



        **FILE COPY**

RECEIVED AND FILED
NOV 2 1 2022
THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

# IN THE BEDFORD MUNICIPAL COURT
## CUYAHOGA COUNTY

KEVIN ADELSTEIN ) CASE NO.: 22CVF03442
)
) JUDGE
)
Plaintiff, )
)
v. )
)
WALMART INC., d/b/a WALMART ) **PARTIAL MOTION**
) **TO DISMISS**
)
)
)
)
Defendant. )

## WALMART INC.'S PARTIAL MOTION TO DISMISS

Walmart Inc. respectfully submits this Partial Motion to Dismiss, which seeks to dismiss Claim I, III, IV, and V in the Complaint filed by Plaintiff, Kevin Adelstein. Walmart's motion should be granted because Claims I, III, and IV are based on provisions of the Ohio Consumer Sales Practice Act ("CSPA") that have no relevance to Plaintiff's allegations. Claim V fails to allege the necessary elements of fraud and instead merely asserts a legal conclusion that Walmart committed fraud.

### INTRODUCTION

Plaintiff claims to have purchased three items from Walmart for prices he alleges were higher than those listed on Walmart's website. In all, Plaintiff alleges that he lost less than $14. This single transaction is the source of all five of Plaintiff's claims against Walmart here. Four of Plaintiff's claims should be dismissed.

In Claims I, III, and IV, Plaintiff asserts that Walmart violated three provisions of the CSPA, but he fails to allege any facts showing that Walmart engaged in the behavior that those



provisions of the CSPA prohibit.  Instead, Plaintiff merely re-alleges the very same fact, *i.e.*, that Walmart advertised goods at a price lower than what Plaintiff paid, to support *all* his claims. (August 19, 2022 Complaint, *compare* ¶¶ 20 – 23 *with* ¶¶ 36 *with* ¶¶ 41.)  The CSPA provisions that Plaintiff alleges Walmart violated in Claims I, III, and IV, however, have nothing to do with price representations, so those claims should be dismissed.  *Havens-Tobias v. Schwan's Sales Ent., Inc.*, 2005-Ohio-2753, ¶ 30, 830 N.E.2d 1221, 1225 (dismissing plaintiffs' CSPA claims where they could not "point to a specific section of the CSPA that encompasses the actions taken by [the defendant]").  Likewise, the Court should dismiss Claim V because Plaintiff failed to allege key elements of fraud: that Walmart *knew* or should have known that the prices it advertised were wrong and that Walmart intended to mislead Plaintiff. *Reinglass v. Morgan Stanley Dean Witter, Inc.*, 2006-Ohio-1542, ¶ 19, 2006 WL 802751, at *3.

### FACTUAL BACKGROUND

Walmart is a retailer that operates grocery stores, supermarkets, hypermarkets, department stores, discount stores, and neighborhood markets.  It sells millions of products across 24 countries. In fact, on average, each Walmart Supercenter offers its customers 142,000 items.

Plaintiff filed this Complaint on August 19, 2022, alleging that Walmart violated four provisions of the Ohio Consumer Sales Practices Act and committed three types of fraud.  (*See generally,* Complaint.)  The single basis for Plaintiff's sprawling claims is that Walmart charged Plaintiff for three items at prices higher than those listed on-line on walmart.com.  (*Id.*) Specifically, Plaintiff alleges that on August 8, he visited Walmart's website and looked at the prices for Preen Extended Weed Preventer ("Preen"), Ortho Ground Clear Weed Concentrate (32 ounces) ("Ortho"), and Meguiars Hybrid Ceramic Wax (26 ounces) ("Wax").  (Complaint, ¶¶ 9 – 12.)  The price for each of those items on Walmart's website was allegedly $19.97, $15.99, and

2

$15.95, respectively. (*Id.*) When Plaintiff visited the Aurora Walmart that same day, he was allegedly charged $1.80 more for the Preen, $4.02 more for the wax, and $7.88 more for the Ortho. (Complaint, ¶¶14-16.) For the three items, Plaintiff paid a total of $13.70 more than the advertised prices.

In response to the Complaint—which alleges less than $14 in actual damages—Walmart sent Plaintiff a "cure offer," in which Walmart offered Plaintiff $600 (representing $200 for each of Plaintiff's purchases) to resolve his CSPA claims. R.C. 1345.092(A); (*see* R. Doc. Entry 9/21/2022.) Plaintiff's deadline to accept Walmart's cure offer expired on November 1, 2022 without a response.

## LEGAL STANDARD

Civil Rule 12(B)(6) allows the court to grant a motion to dismiss a complaint or portions of a complaint for "failure to state a claim upon which relief can be granted." Civ. R. 12(B)(6). When reviewing a motion to dismiss, the court must presume the truth of all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but the court "is not required to draw conclusions that are not suggested by the factual allegations." *Mitchell v. Lawson Milk Co.* (1989), 532 N.E.2d 753, 756–757. In addition, "the tenet that a court must accept as true all [] the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Tuleta v. Med. Mut. of Ohio*, 40 Ohio St. 3d 190, 2014-Ohio-396, ¶ 21, 6 N.E.3d 106, 112.

Courts should grant a motion to dismiss under Civil Rule 12(b)(6) when "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Noe v. Smith*, 757 N.E.2d 1164, 1165–66 (2000) (citing *Wilson v. Ohio* (1995), 655 N.E.2d 1348, 1350–

3

1351). There is no set of facts that would prove Claims I, III, IV, or V and these claims should be dismissed under Rule 12(B)(6).

The pleading standard for any claim alleging fraud is heightened: "[i]n all averments of fraud, the circumstances constituting fraud shall be stated with particularity. To comply with this requirement, the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud." *Figgie v. Figgie,* 2021-Ohio-1195, ¶ 68, 2021 WL 1309775 at *16. Mere legal conclusions and recitations of the elements of fraud will not satisfy this heightened standard. *NorthPoint Properties, Inc. v. Petticord*, 2008-Ohio-5996, ¶ 25, 901 N.E.2d 869, 874 ("[W]e find that appellants' allegations are legal conclusions framed as factual allegations and their fraud claims were not pled with particularity.").

## LAW AND ARGUMENT

The Court should dismiss Claims I, III, IV, and V because they fail to state a claim upon which relief can be granted.

I. **Claim I, which is based on alleged violations of Revised Code Sections 1345.02(B)(1) and (2), should be dismissed because neither provision addresses representations about price and both address product representations that are irrelevant to Plaintiff's allegations.**

Plaintiff's action is based wholly upon his allegations that Walmart represented that three items were "for sale" at certain prices on its website and that "none of these products were for sale at the price Walmart represented." R. Doc. 1, ¶¶ 20-23. But even accepting all of Plaintiff's allegations as true, he has not supported a claim that would entitle him to relief under either Revised Code Section 1345.02(B)(1) or (2) because those provisions do not govern representations about a product's price.[1]

---

[1]     The Court need not accept as true Plaintiff's legal conclusions that Walmart "violated R.C. 1345.02 by representing that the goods had a benefit, characteristic or quality (lower price)

**a. Revised Code Section 1345.02(B)(1) addresses representations about a product's "sponsorship, approval, performance characteristics, accessories, uses, or benefits" – not a product's price.**

Revised Code Section 1345.02(B)(1) applies to representations about the good's "sponsorship, approval, performance characteristics, accessories, uses, or benefits." *See e.g., Czyzewski v. Dave Arbogast Buick/Pontiac GMC, Inc.,* 2008-Ohio-2872, ¶ 11, 2008 WL 2390847, *2 (considering whether a misrepresentation about the towing capacity of a motor home violated (B)(1)); *Keel v. Toledo Harley-Davidson/Buell,* 2009-Ohio-5190, ¶ 19, 920 N.E.2d 1041, 1046 (applying (B)(1) to a claim that the defendant misrepresented a motorcycle as "reliable, dependable, and had no defects"). Importantly, "benefit" in § 1345.02(B)(1) does not refer to price." *Gerboc v. ContextLogic, Inc.,* 2016 WL 6563684 (N.D. Ohio 2016) *citing Pattie v. Coach, Inc.,* 29 F. Supp. 3d 1051, 1057 (N.D. Ohio July 2, 2014.) And Plaintiff otherwise makes no allegations relating to Walmart's representations about the "sponsorship, approval, performance characteristics, accessories, uses, or benefits" of the three items he purchased, let alone whether any such representations were allegedly inaccurate. He therefore cannot recover under this Revised Code section.

**b. Revised Code Section 1345.02§(B)(2) addresses representations about a product's "standard, quality, grade, style, prescription, or model" – not a product's price.**

Similarly, Revised Code Section 1345.02(B)(2) provides no help to Plaintiff because the code section does not involve purported misrepresentations about price. Rather, it applies to

---

that they did not have." (Complaint, ¶ 24); *Tuleta,* 40 Ohio St. 3d 190, 2014-Ohio-396, ¶ 21, 6 N.E.3d at 112; *Michelson v. Volkswagen Aktiengesellschaft,* 2018-Ohio-1303, ¶ 6, 99 N.E.3d 475, 477 (same); *see also Ferron v. Fifth Third Bank,* 2008-Ohio-6967, ¶ 12 (granting motion to dismiss where the plaintiff's CSPA claims were based only on "unsupported conclusion, not [] factual allegations," which the court was not required to accept as true.).

representations about a product's "standard, quality, grade, style, prescription, or model." *See, e.g.*, *Green Maple Enterprises, LLC v. Forrester*, 2021-Ohio-4640, ¶ 39, 182 N.E.3d 1265, 1280 (considering whether a defendant violated (B)(2) by installing pine instead of cedar). Plaintiff makes no allegations relating to Walmart's representations about the "standard, quality, grade, style, prescription, or model" of the three items Plaintiff purchased, let alone whether any such representations were allegedly inaccurate. Thus, Plaintiff cannot recover under this Revised Code section.

II.   **Claim III, which is based on alleged violations of Administrative Code Section 109:4-3-02(B) should be dismissed because that Code Section relates to representations made through audio or audiovisual mediums – and there is no claim that Walmart's alleged representations had an audio component.**

The Court should dismiss Plaintiff's Third Claim because like Claim I, it is based on an irrelevant code provision. Administrative Code Section 109:4-3-02 (B)[2] regulates advertisements, but under the plain wording of that section, it *only* applies to "audio or audiovisual mediums."

> Offers made through any *audio or audiovisual medium* including advertisements via radio, television, or an online or digital medium, must be preceded or immediately followed by a conspicuously clear oral or written statement of any material exclusions, reservations, limitations, modifications, or conditions. Oral disclosures in *audio or audiovisual advertisements* must be spoken with sufficient deliberateness, clarity, and volume so as to afford a consumer a reasonable opportunity to hear and understand them. Written disclosures in *audiovisual advertisements* should appear in a form and for a duration sufficient to afford a consumer a reasonable opportunity to read and understand them.

OAC § 109:4-3-2(B) (emphasis added).

---

[2]   The CSPA authorized the Ohio Attorney General to adopt "substantive rules defining with reasonable specific acts or practices that violate" the CSPA. R.C. § 1345.05(B)(2). Administrative Code Section 109:4-3-02 (B) is one of those substantive rules adopted by the Attorney General that defines acts that violate the CSPA.

Having repeated it three times, the Legislature could not have been clearer that this provision applies only to advertisements with an audio component. *State ex rel. Clay v. Cuyahoga Cnty. Med. Exam'r's Off.*, 2017-Ohio-8714, 94 N.E.3d 498, 500 ("An unambiguous statute is applied, not interpreted."). But here Plaintiff did not allege any facts that would even suggest that the advertisements had an audio component, and the Court "is not required to draw conclusions that are not suggested by the factual allegations." *Mitchell*, 532 N.E.2d at 756–757. Rather, the only factual allegation about the advertisements suggests that there was no audio component to the advertisements. (Complaint, ¶ 9 "Mr. Adelstein *viewed* multiple products advertised on Walmart's website") (emphasis added). Thus, even taking all of Plaintiff's allegations as true, he has failed to state a claim for a violation of OAC § 109:4-3-2(B).

III.   **Claim IV, which is based on alleged violations of Administrative Code Section 109:4-3-02(D) should be dismissed because that provision relates to "Unit Advertisements" – again, something not at issue here.**

In Claim IV, Plaintiff alleges a violation of Ohio Administrative Code Section 109:4-3-02(D). That provision makes it unlawful for a supplier to "make any offer without stating clearly and conspicuously, in close proximity to the words stating the offer, any material exclusions, reservations, limitations, modifications, or conditions." OAC § 109:4-3-02(D). But courts have applied this provision only to "unit advertisements," where a supplier advertises a certain price based on the number of units a consumer purchases. *See e.g.*, *Anderson v. Disc. Drug Mart, Inc.*, 2021-Ohio-693, ¶ 33 (applying OAC § 109:4-3-02(D) where "Discount Drug Mart regularly uses multiple-unit pricing promotions when advertising its sales to consumers"); *Grgat v. Giant Eagle, Inc.*, 2019-Ohio-4582, ¶¶ 17, 26, 27, 135 N.E.3d 846, 852 – 53 (applying OAC § 109:4-3-02(D) to the plaintiff's claim that Giant Eagle promoted a discounted price for a specific number of units, without specifying that the price of a single can was also discounted.). That application of

Administrative Code Section 109:4-3-02(D) makes sense because unit advertisements offer prices that apply to some, but not to all, units based on certain conditions. Plaintiff, here, has not alleged *what* conditions, modifications, reservations, or exclusions Walmart failed to disclose.[3] Plaintiff only alleged that "Walmart charged Mr. Adelstein a higher price for the goods than advertised online by Walmart." (Complaint, ¶ 43.) Because of Plaintiff's omission, he has failed to state a claim for relief under Administrative Code Section 109:4-3-02(D).

IV. **The Court should dismiss Claim V because Plaintiff failed to state a claim for fraud.**

The Court should grant Walmart's motion to dismiss as to Claim V because Plaintiff fails to satisfy the heightened pleading for fraud-based claims.

To state a claim for fraud, Plaintiff must allege: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred (c) with the intent of misleading another into relying upon it, (d) justifiable reliance upon the representation or concealment, and (e) a resulting injury proximately caused by the reliance. *Reinglass,* 2006-Ohio-1542, ¶ 19, 2006 WL 802751, at *3 (affirming dismissal of fraud claim where all elements were not pled with particularity).

Here, putting aside his conclusory allegations, which must be disregarded,[4] the Complaint does not contain sufficient factual allegations to establish the requisite elements of a fraud claim.

---

[3]    Again, the Court need not accept as true Plaintiff's legal conclusion that "Walmart advertised prices for the goods without disclosing conditions, limitations, modifications, reservations, or exclusions in close proximity to its offers." (Complaint, ¶ 42); *Tuleta,* 2014-Ohio-396, ¶ 21, 6 N.E.3d at 112; *Michelson,* 2018-Ohio-1303, ¶ 6, 99 N.E.3d at 477.

[4]    *Saeed v. Greater Cleveland Reg'l Transit Auth.,* 2017-Ohio-935, ¶ 8, 2017 WL 1024598, at *2 (affirming dismissal of complaint where "[t]he complaint did not set forth any basis or factual allegations to support a claim against [the defendant], and merely listing certain

For example, Plaintiff does not sufficiently allege that Walmart's representation of the price of the Ortho, Preen, and Wax was made *with knowledge that price was false or that knowledge may be inferred. Id.* Rather, Plaintiff only alleged that Walmart intentionally and knowingly advertised products online for "specific" prices, *i.e.,* not false prices.  (Complaint, ¶ 47.) Similarly, the Complaint contains no factual basis to conclude that Walmart intended to defraud Plaintiff. Having omitted central elements of his claim, Plaintiff cannot recover for fraud. 2006-Ohio-1542, ¶ 4, 2006 WL 802751 at *4 (dismissing claim for fraud where "[n]o specific transfers are designated, and no particularity is set forth as to scienter and the other elements of fraud.").

In sum, Plaintiff failed to sufficiently allege any element of fraud, so that claim should be dismissed.

## CONCLUSION

For the reasons stated above, Walmart's Partial Motion to Dismiss should be granted in full.  The Court should dismiss Claims I, III, and IV because those claims allege that Walmart violated provisions of the CSPA that are not applicable, here.  The Court should also dismiss Claim V, which alleges that Walmart committed fraud, because Plaintiff failed to allege a central element of fraud and failed to plead the remaining elements with any particularity.

---

miscellaneous torts in a conclusory fashion is not sufficient to withstand a motion to dismiss.").

Respectfully submitted,

David C. Landever, Bar No. 0065377
Taylor L. Gamm, Bar No. 98020
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
20046 Walker Road, Suite 5
Shaker Heights, Ohio 44122

Telephone: 216-453-8583
Facsimile: 504-589-9701
dlandever@barrassousdin.com
tgamm@barrassousdin.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all known counsel of record by depositing same in the United States mail, properly addressed and postage pre-paid this 21st day of November 2022.

*1843931v1*

**Antrina Bailey**

| | |
|---|---|
| **From:** | Katherine A. Holley <kholley@barrassousdin.com> |
| **Sent:** | Monday, November 21, 2022 02:34 PM |
| **To:** | FormsRequest |
| **Cc:** | Lisa Braun; Aurora Coffaro; Antrina Bailey; Joe Pfundstein; Bobbie Dulaney |
| **Subject:** | Kevin Adelstein v. Walmart, Inc.; Beford Municipal Court; Cause No: 22CVF03442 |
| **Attachments:** | 2022-11-21 Walmart Inc.'s Answer and Affirmative Defenses to Complaint for Damages.pdf; 2022-11-21 Walmart Inc.'s Partial Motion to Dismiss.pdf |

Dear Clerk:

On behalf of Walmart Inc., attached please find each of the following documents to be filed in the above-referenced matter on behalf of Walmart, Inc.:

1. Defendant Walmart Inc.'s Answer and Affirmative Defenses to Complaint for Damages; and,

2. Walmart Inc.'s Partial Motion to Dismiss.

We ask that you please confirm receipt of these filings.

Your assistance in this matter is greatly appreciated.

Thank you,

**Katherine A. Holley**
Legal Secretary to David C. Landever, Kyle W. Siegel, Shaun P. McFall
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350 | New Orleans, LA 70112
Direct: (504) 589-9785 | Main: (504) 589-9700 | Fax: (504) 589-9701
kholley@barrassousdin.com | www.barrassousdin.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

1

**IN THE BEDFORD MUNICIPAL COURT**
**CUYAHOGA COUNTY**

RECEIVED AND FILED
NOV 2 1 2022
THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

| | | |
|---|---|---|
| KEVIN ADELSTEIN | ) | CASE NO.: 22CVF03442 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART INC., d/b/a WALMART | ) | **ANSWER** |
| In c/o Its Statutory Agent | ) | |
| CT Corporation System | ) | |
| | ) | |
| Defendant. | ) | |

### WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES

Defendant Walmart, Inc. d/b/a Walmart Inc c/o Its Statutory Agent CT Corporation System

("Walmart") responds to Kevin Adelstein's Petition for Damages, as follows:

### AFFIRMATIVE DEFENSES

Walmart asserts the following affirmative defenses. By pleading these Affirmative

Defenses, Walmart does not intend to alter the burdens of proof that otherwise exist in this lawsuit.

### FIRST DEFENSE

Plaintiff's claims are barred because he has failed to state a cause of action upon which

relief can be granted. Walmart has simultaneously filed a partial motion to dismiss, which seeks

to dismiss Claim I, III, IV, and V; Walmart hereby incorporates and realleges its partial motion to

dismiss, here.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of waiver or estoppel.



#1843337v5

## THIRD DEFENSE

Plaintiff's claims for excess or treble damages, court costs, and attorney's fees are barred under 1345.092(G) because Plaintiff will not be able to prove that his damages are more than the amount Walmart offered in its cure offer.

## FOURTH DEFENSE

Plaintiff's claims are barred because he failed to mitigate his damages.

## FIFTH DEFENSE

Plaintiff's claims are barred because he intentionally or negligently destroyed evidence before the defense had an opportunity to examine the evidence.

## SIXTH DEFENSE

Plaintiff's claim for punitive damages or treble damages under the Ohio Consumer Sales Practices Act is barred because Plaintiff cannot recover both under well-established Ohio law. *See Hamlin Steel Products, Inc. v. Bur. of Employment Serv.* (1977), 54 Ohio App.2d 173, 376 N.E.2d 615.

## SEVENTH DEFENSE

Some of Plaintiff's claims are barred because he cannot recover for multiple violations when the rules allegedly violated are "so similar as applied to the facts that only one violation is found." *Crye v. Smolak*, 110 Ohio App. 3d 504, 512, 674 N.E.2d 779, 784–85 (1996).

## ANSWER TO PETITION

Walmart denies the allegations contained in the introductory paragraph of the Complaint for lack of information sufficient to justify a belief therein.

1.

Walmart denies the allegation in paragraph 1 as written. Walmart does not dispute that this Court has jurisdiction to hear Plaintiff's claims but denies that is has jurisdiction under Revised Code Section 2305.01.

2.

Walmart denies all allegations contained in paragraph 2 for lack of information to justify a belief therein except to admit that venue is proper.

3.

Walmart denies all allegations contained in paragraph 3 for lack of information to justify a belief therein except to admit that venue is proper.

4.

The allegations contained in paragraph 4 do not pertain to Walmart and therefore do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in paragraph 4 for lack of information sufficient to justify a belief therein.

5.

The allegations contained in paragraph 5 state legal conclusions that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations for lack of information sufficient to justify a belief therein, except to admit that Plaintiff has purchased goods from Walmart.

6.

Walmart denies the allegations contained in paragraph 6 except to admit that it is registered to do business in Ohio.

7.

The allegations contained in paragraph 7 state legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 7 except to admit that it is engaged in the business of selling goods.

8.

The allegations contained in paragraph 8 state legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 8 except to admit that Plaintiff purchased goods from Walmart.

9.

Walmart denies the allegations contained in paragraph 9 for lack of information sufficient to justify a belief therein.

10.

Walmart denies the allegations contained in paragraph 10 except to admit that Walmart sold Preen Extended Control Weed Preventer, 4.93 lb on-line at Walmart.com for the price of $19.97 on August 8, 2022.

11.

Walmart denies the allegations contained in paragraph 11 for lack of information sufficient to justify a belief therein.

12.

Walmart denies the allegations contained in paragraph 12 except to admit that Walmart sold Meguiars Hybrid Ceramic Wax 26 ounces on-line at Walmart.com for the price of $15.95.

13.

Walmart denies the allegations contained in paragraph 13.

14.

Walmart denies the allegations contained in paragraph 14 for lack of information sufficient to justify a belief therein except to admit that Plaintiff purchased from Walmart Preen Extended Control Weed Preventer for $21.77.

15.

Walmart denies the allegations contained in paragraph 15 for lack of information sufficient to justify a belief therein except to admit that Plaintiff purchased from Walmart Meguiars Hybrid Ceramic Wax 26 ounces for $19.97.

16.

Walmart denies the allegations contained in paragraph 16 for lack of information sufficient to justify a belief therein except to admit that Plaintiff purchased from Walmart Ortho Ground Clear Weed Concentrate 32 ounces for $23.87.

17.

The allegations contained in paragraph 17 state legal conclusion that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in paragraph 17.

18.

Walmart re-asserts its responses to the allegations contained in the paragraphs of the preceding paragraphs. In addition, Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 18.

19.

The allegations contained in paragraph 19 state legal conclusions that do not require a response. In addition, the allegations contained in paragraph 19 do not pertain to Walmart and therefore do not require a response to Walmart. To the extent a response is required, Walmart admits that Revised Code 1345.02(B) classifies certain acts as deceptive. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 19.

20.

Walmart denies the allegations contained in paragraph 20 except to admit that Walmart sold Preen Extended Control Weed Preventer, 4.93 lb on-line at Walmart.com for the price of $19.97 on August 8, 2022. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 20.

21.

Walmart denies the allegations contained in paragraph 21 for lack of information sufficient to justify a belief therein. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 21.

22.

Walmart denies the allegations contained in paragraph 22 except to admit that Walmart sold Meguiars Hybrid Ceramic Wax 26 ounces on-line at Walmart.com for the price of $15.95. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I;

Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 22.

23.

Walmart denies the allegation contained in paragraph 23 that "none of these products were for sale at the price Walmart represented" as written. Walmart denies the remaining allegations contained in paragraph 23 for lack of information sufficient to justify a belief therein. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 23.

24.

The allegations contained in paragraph 24 state legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 24. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 24.

25.

The allegations contained in paragraph 25 state legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 25. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim I; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 25.

26.

Walmart re-asserts its responses to the allegations contained in the paragraphs of the preceding paragraphs.

27.

The allegations contained in paragraph 27 state legal conclusions that do not require a response from Walmart. In addition, the allegations contained in paragraph 27 do not pertain to Walmart and therefore do not require a response from Walmart. To the extent that a response is required, Walmart denies the allegations contained in paragraph 27.

28.

The allegations contained in paragraph 28 state legal conclusion that do not require a response from Walmart. In addition, the allegations contained in paragraph 28 do not pertain to Walmart and therefore do not require a response from Walmart. To the extent that a response is required, Walmart denies the allegations contained in paragraph 28 including all its subparts.

29.

Walmart denies the allegations contained in paragraph 29 except to admit that Walmart sold Preen Extended Control Weed Preventer, 4.93 lb on-line at Walmart.com for the price of $19.97; and that Walmart sold Meguiars Hybrid Ceramic Wax 26 ounces on-line at Walmart.com for the price of $15.95. Walmart denies the allegations related to Ortho Ground Clear Weed Concentrate 32 ounces for lack of information sufficient to justify a belief therein.

30.

Walmart denies the allegations contained in paragraph 30 except to admit that Walmart sold Preen Extended Control Weed Preventer, 4.93 lb on-line at Walmart.com for the price of $19.97; and that Walmart sold Meguiars Hybrid Ceramic Wax 26 ounces on-line at Walmart.com

for the price of $15.95.  Walmart denies the allegations related to Ortho Ground Clear Weed Concentrate 32 ounces for lack of information sufficient to justify a belief therein.

31.

The allegations contained in paragraph 31 contain legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 31.

32.

The allegations contained in paragraph 32 contain legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 32.

33.

The allegations contained in paragraph 33 contain legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 33.

34.

Walmart re-asserts its responses to the allegations contained in the paragraphs of the preceding paragraphs. In addition, Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim III; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 34.

35.

The allegations contained in paragraph 35 contain legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 35 except to admit that OAC § 109:4-3-02 (B) regulates audio or

audiovisual advertisements. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim III; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 35.

36.

Walmart denies the allegations contained in paragraph 36 except to admit that Walmart sold Preen Extended Control Weed Preventer, 4.93 lb on-line at Walmart.com for the price of $19.97; and that Walmart sold Meguiars Hybrid Ceramic Wax 26 ounces on-line at Walmart.com for the price of $15.95. Walmart denies any allegations in paragraph 36 related to Ortho Ground Clear Weed Concentrate 32 ounces for lack of information sufficient to justify a belief therein. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim III; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 36.

37.

The allegations contained in paragraph 37 contain legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 37. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim III; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 37.

38.

The allegations contained in paragraph 38 contain legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 38. Walmart has simultaneously filed a partial motion to dismiss, which

seeks to dismiss Claim III; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 38.

39.

Walmart re-asserts its responses to the allegations contained in the paragraphs of the preceding paragraphs. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim IV; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 39.

40.

The allegations contained in paragraph 40 contain legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 40 except to admit that OAC § 109:4-3-02 (D) requires offers to "stat[e] clearly and conspicuously, in close proximity to the words stating the offer, any material exclusions, reservations, limitations, modifications, or conditions."  Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim IV; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 40.

41.

Walmart denies the allegations contained in paragraph 41 except to admit that Walmart sold Preen Extended Control Weed Preventer, 4.93 lb on-line at Walmart.com for the price of $19.97; and that Walmart sold Meguiars Hybrid Ceramic Wax 26 ounces on-line at Walmart.com for the price of $15.95. Walmart denies the allegations related to Ortho Ground Clear Weed Concentrate 32 ounces for lack of information sufficient to justify a belief therein.  Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim IV; Walmart hereby

11

incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 41.

42.

Walmart denies the allegations contained in paragraph 42.  Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim IV; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 42.

43.

Walmart admits the allegations contained in paragraph 43 but denies that this allegation supports a cause of action under Administrative Code Section 109:4-3-02(D). Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim IV; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 43.

44.

The allegations contained in paragraph 44 state legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 44. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim IV; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 44.

45.

The allegations contained in paragraph 45 state legal conclusions that do not require a response from Walmart.  To the extent a response is required, Walmart denies the allegations contained in paragraph 45. Walmart has simultaneously filed a partial motion to dismiss, which

seeks to dismiss Claim IV; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 45.

46.

Walmart re-asserts its responses to the allegations contained in the paragraphs of the preceding paragraphs. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim V; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 46.

47.

The allegations contained in paragraph 47 state legal conclusions that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in paragraph 47. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim V; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 47.

48.

The allegations contained in paragraph 48 state legal conclusions that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in paragraph 48 for lack of information sufficient to justify a belief therein. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim V; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 48.

49.

The allegations contained in paragraph 49 state legal conclusions that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations

13

contained in paragraph 49 for lack of information sufficient to justify a belief therein. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim V; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 49.

50.

The allegations contained in paragraph 50 state legal conclusions that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in paragraph 50. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim V; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 50.

51.

The allegations contained in paragraph 51 state legal conclusions that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in paragraph 51. Walmart re-asserts its responses to the allegations contained in the paragraphs of the preceding paragraphs. Walmart has simultaneously filed a partial motion to dismiss, which seeks to dismiss Claim V; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 51.

52.

The allegations contained in paragraph 52 state legal conclusions that do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in paragraph 52. Walmart re-asserts its responses to the allegations contained in the paragraphs of the preceding paragraphs. Walmart has simultaneously filed a partial motion to

dismiss, which seeks to dismiss Claim V; Walmart hereby incorporates and realleges its partial motion to dismiss in response to the allegations contained in paragraph 52.

The allegations of the unnumbered paragraphs beginning with "WHEREFORE" of the Petition for Damages, the First Amending Petition, and the Second Amending Petition require no response. To the extent a response is required, the allegations of those paragraphs are denied.

Respectfully submitted,

David C. Landever, Bar No. 0065377
Taylor L. Gamm, Bar No. 98020
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
20046 Walker Road, Suite 5
Shaker Heights, Ohio 44122
Telephone: 216-453-8583
Facsimile: 504-589-9701
dlandever@barrassousdin.com
tgamm@barrassousdin.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all known counsel of record by depositing same in the United States mail, properly addressed and postage pre-paid this 21st day of November 2022.

_1843337v1_

15

STATE OF OHIO             )         IN THE Bedford Municipal Court
                         SS.
COUNTY OF CUYAHOGA COUNTY    )
                              CASE NO.   22CVF03442


KEVIN ADELSTEIN

            Plaintiff(s)

            - vs -          )    JOURNAL ENTRY OF JUDGMENT

WALMART, INC
IN C/O ITS STATUTORY AGENT CT CORPORATION SYSTEM
            Defendant(s)       )


     This matter came on for consideration on October 20, 2022, upon Defendant's Motion for Extension of Time. The Court finds Defendant's request is well taken and the same is hereby granted. Therefore, Defendant granted until 11/21/2022, to move, plead or otherwise respond.

     Further, let the record show  Brian J. Melling is now the Judge handling this matter.

     IT IS SO ORDERED.

     Adjudicated by Judge Brian J Melling


                                        _____
                                            JUDGE


cc:
    KEVIN ADELSTEIN
    WALMART, INC

**RECEIVED**    Friday, October 21, 2022
THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT   JOURNAL BOOK/PAGE 604 - 53



RECEIVED AND FILED

OCT 1 9 2022

THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

**IN THE BEDFORD MUNICIPAL COURT**
**CUYAHOGA COUNTY**

KEVIN ADELSTEIN                    )        CASE NO.: 22CVF03442
                                   )
      Plaintiff,                   )
                                   )
v.                                 )
                                   )
WALMART INC.                       )        <u>**MOTION FOR**</u>
                                   )        <u>**EXTENSION OF TIME**</u>
      Defendant.                   )

<u>**WALMART INC.'S MOTION FOR AN**</u>
<u>**EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**</u>

Defendant Walmart Inc. respectfully requests that the Court extend Walmart's time to file its answer or responsive pleading until November 7, 2022 to allow the parties more time to pursue settlement.

Civil Rule of Procedure 6(B) grants the court discretion to extend the deadline for a pleading "for cause shown" under two circumstances. Civ. R. 6(B). First, the court may extend time without any additional showing "if [the] request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." *Id.* Second, the court can also extend time "after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." *Id.* Here, the parties agreed to extend the deadline for a responsive pleading to the Complaint until October 21, 2022. (*See* Exhibit A, Email Correspondence Sept. 13, 2022.) Because Walmart has requested this extension of time before the originally prescribed October 21, 2022 deadline, this Court has discretion to extend the deadline for cause shown.



Indeed, good cause exists for extending the deadline for Walmart's answer because the parties are engaged in statutorily sanctioned settlement efforts. Walmart sent Plaintiff, Kevin Adelstein, a "cure offer" under Revised Code 1345.092, on September 19, 2022, in which it offered to resolve his Consumer Protection Sale Practices claims. (*See* Exhibit B, Cure Offer.) Revised Code 1345.092(B) allows Plaintiff 30 days from receipt of the cure offer to notify Walmart of his acceptance or rejection. Because Plaintiff received the cure offer on October 1, 2022, he has until October 31, 2022 to respond. (*See* Exhibit C, Return on Cure Offer.) Under the current October 21, 2022 deadline, Walmart will be forced to file a responsive pleading to the Complaint before the time for Plaintiff's response has expired, which could be detrimental to the parties' settlement efforts.

In fact, for this very reason, Revised Code 1345.092(C) expressly provides that when a "pleading is required to be filed by any party during the [time period Plaintiff has to respond to the cure offer] . . ., the court may extend the time period for filing the motion or pleading to allow both parties adequate time to comply with this section." R.C. 145.092(C). The Court should exercise its discretion, here, to allow both parties adequate time to comply with Revised Code 145.092. By providing Walmart additional time to respond to the Complaint, the parties will have more time to pursue settlement. In short, extending the deadline until November 1, 2022—the day after Plaintiff's response to the cure offer is due—will help foster a more efficient resolution of this case.

For these reasons, Walmart respectfully requests that the Court grant it until November 7, 2022 to file its responsive pleadings to the Complaint.

2

This the 19th day of October, 2022.

Respectfully submitted,

_____

David C. Landever, Bar No. 0065377
Taylor L. Gamm, Bar No. 98020
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
20046 Walker Road, Suite 5
Shaker Heights, Ohio 44122
Telephone:  216-453-8583
Facsimile:  504-589-9701
dlandever@barrassousdin.com
tgamm@barrassousdin.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all known counsel of record by depositing same in the United States mail, properly addressed and postage pre-paid this 19th day of October 2022.

_____

*1840898v1*

3

**Lisa Braun**

| | |
|---|---|
| **From:** | Katherine A. Holley <kholley@barrassousdin.com> |
| **Sent:** | Wednesday, October 19, 2022 10:25 AM |
| **To:** | FormsRequest |
| **Cc:** | Lisa Braun; Aurora Coffaro; Antrina Bailey; Joe Pfundstein; Bobbie Dulaney |
| **Subject:** | Kevin Adelstein v. Walmart, Inc.; Cause No: 22CVF03442; Walmart Inc.'s Motion for Extension of Time to File Responsive Pleading |
| **Attachments:** | 2022-10-19 Walmart Inc.'s Motion for Extension of Time to File Responsive Pleadings.pdf |

Dear Clerk:

On behalf of Walmart Inc., attached is Defendant Walmart Inc.'s Motion for An Extension of Time to File Responsive Pleadings to be filed in the above-referenced cause. We ask that you please confirm receipt of this pleading.

Your assistance in this matter is greatly appreciated.

Thank you,

RECEIVED AND FILED

OCT 1 9 2022

THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

**Katherine A. Holley**
Legal Secretary to David C. Landever, Kyle W. Siegel, Shaun P. McFall
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350 | New Orleans, LA 70112
Direct: (504) 589-9785 | Main: (504) 589-9700 | Fax: (504) 589-9701
kholley@barrassousdin.com | www.barrassousdin.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

STATE OF OHIO       )            IN THE Bedford Municipal Court

                   SS.

COUNTY OF CUYAHOGA    )

                            CASE NO.   22CVF03442

KEVIN ADELSTEIN
       Plaintiff(s)

       - vs -                JOURNAL ENTRY OF JUDGMENT

WALMART, INC
IN C/O ITS STATUTORY AGENT CT CORPORATION SYSTEM
       Defendant(s)


      This matter came on for consideration on September 26, 2022.  Upon Court's review of the matter, to avoid appearance of impropriety, I (Judge Michelle L  Paris)  am recusing myself.

      Adjudicated by Judge Michelle L Paris

                               *Michelle L. Paris*

                                  JUDGE

cc:
   KEVIN ADELSTEIN
   WALMART, INC

     **RECEIVED**

**Friday, September 30, 2022**
     THOMAS E. DAY, JR.
     CLERK OF COURT
BEDFORD MUNICIPAL COURT   JOURNAL BOOK/PAGE 602 - 351

## IN THE BEDFORD MUNICIPAL COURT
## CUYAHOGA COUNTY

| | | |
|---|---|---|
| KEVIN ADELSTEIN | ) | CASE NO.: 22CVF03442 |
| 50 Ridgecreek Trail | ) | |
| Moreland Hills, OH 44022, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART, INC., d/b/a WALMART | ) | **ENTRY OF APPERANCE** |
| In c/o Its Statutory Agent | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

COMES NOW David C. Landever and Taylor L. Gamm of the law firm of Barrasso Usdin

Kupperman Freeman & Sarver, LLC, whose address is 20046 Walker Road, Suite 5, Shaker

Heights, Ohio 44122, and hereby enter their appearance as counsel of record on behalf of Walmart,

Inc., d/b/a Walmart in the above-captioned matter.

This the 20th day of September, 2022.

Respectfully submitted,

_____
David C. Landever, Bar No. 0065377
Taylor L. Gamm, Bar No. 98020
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
20046 Walker Road, Suite 5
Shaker Heights, Ohio 44122
Telephone: 216-453-8583
Facsimile: 504-589-9701
dlandever@barrassousdin.com
tgamm@barrassousdin.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all known counsel of record by depositing same in the United States mail, properly addressed and postage pre-paid this 20th day of September 2022.

_(signature)_

*1840898v1*

2

RECEIVED AND FILED

SEP 21 2022

THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

# BARRASSO · USDIN · KUPPERMAN
## —— FREEMAN & SARVER, L.L.C. ——

**David C. Landever**
Direct Dial: (216) 453-8583
Email: dlandever@barrassousdin.com

Our File No.
1463-0002

September 19, 2022

Laura A. DePledge, Esq.
Depledge Law Office, Inc.
7408 Center Street
Mentor, OH 44060
**VIA Certified Mail – Return Receipt Requested**

9171 9690 0935 0229 6349 15

> Re:  Kevin Adelstein vs. Walmart, Inc.  Case No. 22 CVFO3442
>       <u>CURE OFFER</u>

Dear Ms. DePledge:

NOTICE: THIS LETTER IS BEING SENT PURSUANT TO OHIO REVISED CODE SECTION 1345.092.  IT INCLUDES A "CURE OFFER" THAT IS BEING MADE TO SETTLE ALL ALLEGED VIOLATIONS OF CHAPTER 1345 (AS WELL AS RULES PROMULGATED PURSUANT TO CHAPTER 1345) RAISED BY THE WRITTEN COMPLAINT FILED ON BEHALF OF KEVIN ADELSTEIN. THE CURE OFFER INCLUDES BOTH A REMEDY BY WALMART TO RESOLVE THIS DISPUTE AND AN OFFER BY WALMART TO PAY YOUR ATTORNEY'S FEES UP TO $2,500.00. WALMART IS ALSO OFFERING TO PAY ALL COURT COSTS ASSOCIATED WITH THE FILING OF YOUR COMPLAINT.

AS YOU ARE AWARE, MR. ADELSTEIN IS NOT OBLIGATED TO ACCEPT THIS CURE OFFER.  YOU MUST NOTIFY WALMART, BY AND THROUGH THE UNDERSIGNED, WITHIN 30 DAYS OF RECEIPT OF THIS CURE OFFER OF HIS DECISION TO EITHER ACCEPT OR REJECT THE OFFER BY FILING A RESPONSE WITH THE COURT AND SENDING A COPY OF THE RESPONSE TO THE UNDERSIGNED.  IF THE COURT DOES NOT RECEIVE YOUR RESPONSE WITHIN THE REQUIRED TIME, YOUR FAILURE TO RESPOND WILL, BY LAW, BE CONSIDERED A REJECTION OF WALMART'S OFFER.

REJECTION OF THIS CURE OFFER COULD IMPACT YOUR ABILITY TO COLLECT COURT COSTS AND LEGAL FEES. IF A COURT, JURY, OR ARBITRATOR FINDS IN YOUR FAVOR, BUT DOES NOT AWARD AN AMOUNT THAT IS <u>MORE</u> THAN THE VALUE OF WALMART'S OFFER, WALMART WILL NOT BE RESPONSIBLE FOR TREBLE DAMAGES, ATTORNEY'S FEES, OR ANY COURT COSTS THAT YOU INCUR AFTER SEPTEMBER 19, 2022, THE DATE THIS CURE OFFER WAS MADE.

Laura A. DePledge, Esq.
Depledge Law Office, Inc.
September 20, 2022
Page 2

VALUE OF WALMART'S REMEDY:  SIX HUNDRED DOLLARS ($600).  THIS REPRESENTS COMPENSATION IN THE AMOUNT OF TWO HUNDRED DOLLARS ($200) FOR EACH OF THE THREE TRANSACTIONS THAT MR. ADELSTEIN ALLEGES VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT;

WALMART ALSO AGREES TO PAY ATTORNEY'S FEES, UP TO TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00), THAT WERE NECESSITATED BY OR REASONABLY RELATED TO THE FILING OF YOUR LAWSUIT.

WALMART ALSO AGREES TO PAY ALL COURT COSTS THAT WERE INCURRED BY YOU IN RELATION TO THE FILING OF YOUR LAWSUIT

Best regards,

David C. Landever
OF   BARRASSO USDIN KUPPERMAN
     FREEMAN & SARVER, L.L.C.

DCL/kah

# BARRASSO · USDIN · KUPPERMAN
## —— FREEMAN & SARVER, L.L.C. ——

**David C. Landever**
Direct Dial: (216) 453-8583
Email: dlandever@barrassousdin.com

Our File No.
1463-0002

September 20, 2022

<u>**VIA EMAIL ONLY**</u> **(formsrequest@bedfordmuni.org)**

Thomas E. Day, Jr.
Clerk of Court
Bedford Municipal Court
165 Center Road
Bedford, OH 44146-2898

Re:  *Kevin Adelstein v. Walmart, Inc., d/b/a Walmart;*
<u>No. 22-CVF03442, Bedford Municipal Court; Cuyahoga County</u>

Dear Mr. Day:

Enclosed please find an Entry of Appearance and Cure Offer to be filed in the above-referenced matter on behalf of Walmart, Inc. d/b/a Walmart. Please return a conformed copy of each document to our office.

Should you have any questions regarding this matter, please do not hesitate to contact me. Your assistance in this matter is greatly appreciated.

Best regards,

David C. Landever
OF    BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.

DCL/kah
Enclosures
cc:  Laura A. DePledge, Esq.

## Antrina Bailey

| | |
|---|---|
| **From:** | Katherine A. Holley <kholley@barrassousdin.com> |
| **Sent:** | Tuesday, September 20, 2022 01:47 PM |
| **To:** | FormsRequest |
| **Cc:** | Lisa Braun; Aurora Coffaro; Antrina Bailey; Joe Pfundstein; Bobbie Dulaney |
| **Subject:** | Kevin Adelstein v. Walmart, Inc., d/b/a Walmart; Cause No. No. 22-CVF03442; Bedford Municipal Court (Filing of Walmart's Entry of Appearance and Cure Offer) |
| **Attachments:** | 2022-09-20 D. Landever ltr to clerk filing Entry of Appearance and Cure Offer.pdf; 2022-09-20 -Cure Offer.pdf; 2022-09-20 Entry of Appearance for D. Landever and T. Gamm.pdf |

Dear Clerk:
Please see attached for filing in the above-refenced cause.  Your assistance in this matter is greatly appreciated.

Thank you,

**Katherine A. Holley**
Legal Secretary to David C. Landever, Kyle W. Siegel, Shaun P. McFall
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350 | New Orleans, LA  70112
Direct: (504) 589-9785 | Main: (504) 589-9700 | Fax: (504) 589-9701
kholley@barrassousdin.com | www.barrassousdin.com

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

CourtMaster  User currently logged in: ANTRINA BAILEY

Main  Traffic/Criminal  Civil  Receipting  Reporting  User  Maintenance  Help

Civil Case Management

22CVF03442                          KEVIN ACELSTEIN v. WALMART, INC

| Case summary | Case parties | Claims/Judgments |

| Services |

| Hearings/pleadings | DOCKET | Case Financials |

Docket Entries

| S. | Entry Date | Text | Created |
|----|-----------|------|---------|
| 2... | 09/30/2022 | Free Form Journal Emailed LAURA A DEPLEDGE | bmacke.. |
| 2... | 09/30/2022 | Civil Journal Free Form Journal created in Book 602  Page 35 | bmacke.. |
| 2... | 09/23/2022 | Judge Michelle L. Paris assigned to case | abailey |
| 2... | 09/21/2022 | Filed Defendants Notice of Appearance of Counsel | abailey |
| 2... | 09/21/2022 | Written motion MISCELLANEOUS filed by WALMART, INC/Def... | abailey |
| 2... | 09/19/2022 | Service For Civil Summons to WALMART, INC sent via Certif... | jpiskor |
| 2... | 08/19/2022 | Paid $0.26 for Cost/LEGAL AID ADMIN FEE receipt# 2022315776 | jpiskor |
| 2... | 08/19/2022 | Paid $1.00 for Cost/LEGAL RESOURCE FUND - CIVIL receipt# 20 | jpiskor |
| 2... | 08/19/2022 | Paid $3.00 for Cost/CLERK COMPUTER FUND - CIVIL receipt# ... | jpiskor |

Service For Civil Summons to WALMART, INC sent via Certified Mail was Perfected on 08/30/2022 Answer Due Date: 09/27/2022 Receipt Number 9414814903177165029610

| Delete Entry | | Edit Entry |

| Find Case | | Refresh | Close (Esc) |

More Options (F12)

Maintain Case

Record Pleading (F4)

Set Hearing

Manage/Add
Claims/Judgments

Write to Docket (F5)

Use Sticky Notes

Review Journals

Accept Payment (F6)

Add Cost

Service Response

Review Notices (F9)

Issue Notice (F8)

1004 AM
12/27/2022

# Bedford Municipal Court

165 Center Road * Bedford, Ohio 44146
440-232-3420
*www.bedfordmuni.org*

## SUMMONS

DATE: 08/19/2022

To the following named defendant:

**22CVF03442**
**WALMART, INC**
**IN C/O ITS STATUTORY AGENT CT CORPORATION SYSTEM**
**4400 EASTON COMMONS WAY, SUITE 125**
**COLUMBUS, OH 43219**

You have been named defendant in a complaint filed in this court by the Plaintiffs:

KEVIN ADELSTEIN

A copy of the complaint has been attached hereto. The following is the name and address of the attorney for the Plaintiff, if any:

|  | CAPTIONED |
| --- | --- |
| KEVIN ADELSTEIN | |
| | PLAINTIFF(S) |
| -VS- | |
| WALMART, INC | |
| IN C/O ITS STATUTORY AGENT CT CORPORATION SYSTEM | |
| | DEFENDANT(S) |

You must file an answer to this complaint within 28 days after this summons is served on you. Your answer must be served upon the attorney for the person who is suing you, who is called the Plaintiff, or upon the Plaintiff if he has no attorney of record. Your answer must also be filed with the court within three days after service of the answer on the Plaintiff's attorney.

If you fail to defend yourself against this complaint, default judgment can be rendered against you for the relief demanded in the complaint. Your earnings may then be garnished or your property may be attached to satisfy judgment.

Thomas E. Day, Jr., Clerk of Court
BY BEDFORD\jpiskor - Deputy Clerk

FILE COPY          certifiedmail receipt - 9414814903177165029610



RECEIVED AND FILED

AUG 1 9 2022

THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

IN THE BEDFORD MUNICIPAL COURT
CUYAHOGA COUNTY

| | | |
|---|---|---|
| KEVIN ADELSTEIN | ) | CASE NO: |
| 50 Ridgecreek Trail | ) | |
| Moreland Hills, OH 44022 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WALMART, INC. dba WALMART | ) | |
| In c/o Its Statutory Agent | ) | **COMPLAINT** |
| CT Corporation System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus OH 43219 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COMES Plaintiff Kevin Adelstein, by and through undersigned Counsel, and files his Complaint against Defendant Walmart, Inc. dba Walmart. Plaintiff alleges Defendant violated the Consumer Sales Practices Act and committed fraud by selling Plaintiff goods above Walmart's advertised prices. Plaintiff alleges and avers the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear the claims asserted herein by virtue of Ohio R.C. § 2305.01 and Ohio Const. Article IV, Section 4(B).

2. Venue is proper here as Mr. Adelstein viewed Walmart's website from his home in Moreland Hills, Ohio, advertising goods at specific prices and induced to go to Walmart and purchase the goods based on those advertisements.

3. Whereas the events and circumstances leading up to and asserted in this Complaint arose in this jurisdiction, this Court is the proper venue.

1

## PARTIES

4.      Plaintiff Kevin Adelstein ("Plaintiff" or "Mr. Adelstein") resides at 50 Ridgecreek Trail Moreland Hills, OH 44022.

5.      Mr. Adelstein is an individual and a "consumer" who purchased from Walmart goods for his personal, family or household use, as defined by R.C. §1345.01(D).

6.      Defendant Walmart, Inc dba Walmart ("Walmart") is an Arkansas corporation in the business of selling household goods to consumers and registered to do business in Ohio.

7.      Walmart is a "supplier" under R.C. §1345.01(C) engaged in the business of effecting or soliciting consumer transactions, including selling household goods to individuals for personal, family or household use.

8.      Mr. Adelstein's purchase of household goods from Walmart was a "consumer transaction" as that term is defined in R.C. §1345.01(A).

## FACTS

9.      On August 8, 2022, Mr. Adelstein viewed multiple products advertised on Walmart's website indicated as available to purchase at the Aurora Walmart nearby.

10.      Walmart advertised Preen Extended Control Weed Preventer ("Preen"), 4.93 lb at the price of **$19.97**. Exhibit 1, Preen Advertisement.

11.      Walmart advertised Ortho Ground Clear Weed Concentrate 32 ounces at $15.99 ("Ortho") at the price of **$15.99.** Exhibit 2, Ortho Advertisement.

12.      Walmart advertised Meguiars Hybrid Ceramic Wax 26 ounces ("Wax") at the price of **$15.95**. Exhibit 3, Wax Advertisement.

13.      However, when Mr. Adelstein visited the store the same day to purchase the items, he was charged prices higher than those Walmart had advertised.

2

14.    Mr. Adelstein was **charged $21.77 for the Preen, or $1.80 more than $19.97 advertised online.** Walmart Receipt, Exhibit 4.

15.    Mr. Adelstein was **charged $19.97 for the Wax, or $4.02 more than the $15.95 advertised online**. Walmart Receipt, Exhibit 4.

16.    Mr. Adelstein was **charged $23.87 for the Ortho or $7.88 more than the $15.99 advertised online**. Walmart Receipt, Exhibit 4.

17.    Walmart knew that the acts as described herein violated Ohio consumer protection statutes because they are clearly delineated in the Ohio Administrative Code and such acts have been declared unlawful in cases found in the Ohio Attorney General's Public Inspection File.


## CLAIM I
Violation of R.C. 1345.02, CSPA
Misrepresentations of goods

18.    Mr. Adelstein alleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

19.    R.C. § 1345.02 (B) provides "the act or practice of a supplier in representing any of the following is deceptive: (1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have; (2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not."

20.    Walmart represented in its advertisement that the Preen was for sale at the price of **$19.97**. Exhibit 1, Preen Advertisement.

21.    Walmart represented in its advertisement that the Ortho was for sale at the price of **$15.99.** Exhibit 2, Ortho Advertisement.

3

22.     Walmart represented in its advertisement that the Wax was for sale at the price of **$15.95**. Exhibit 3, Wax Advertisement.

23.     However, none of these products were for sale at the price Walmart represented but for a higher price and Mr. Adelstein was charged that higher price for the goods. Walmart Receipt, Exhibit 4.

24.     Walmart violated R.C. 1345.02 by representing that the goods had a benefit, characteristic or quality (lower price) that they did not have. Walmart's representations were false and material to Mr. Adelstein's purchase.

25.     Walmart's violation of R.C. 1345.02 is the proximate cause of the damages suffered by Mr. Adelstein in the amount he paid over the advertised price, the sales tax, and interest on that amount.

## CLAIM II
Violation of OAC §109:4-3-02 (A) Exclusions and limitations in advertisements
Violation of the CSPA

26.     Mr. Adelstein alleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

27.·     In addition to the violations specified by the statute, the Consumer Sales Practices Act ("CSPA") authorizes the Ohio Attorney General to adopt "substantive rules defining with reasonable specificity acts or practices that violate" the CSPA. R.C. §1345.05(B)(2), O.A.C. 109:4-3-01(A)(2), R.C. 1345.05(F).

28.     Among those substantive rules is **OAC § 109:4-3-02 Exclusions and limitations in advertisements**, which states in relevant part:

> **(A)(1) It is a deceptive and unfair act or practice in connection with a consumer transaction for a supplier,** in the sale or offering for sale of goods or

4

services, to **make any offer in written or printed advertising or promotional literature without stating clearly and conspicuously in close proximity to the words stating the offer any material exclusions, reservations, limitations, modifications, or condition**s. Disclosure shall be easily legible to anyone reading the advertising or promotional literature and shall be sufficiently specific so as to leave no reasonable probability that the terms of the offer might be understood.

  **(2) The following are examples . . .**

  (d) (i) **An advertisement** for a service or **item of good**s **sold from more than one outlet** under the direct control of the supplier causing the advertisement to be **made must state**:
  (a) Which outlets . . . do not have certain features mentioned in the advertisement
  (b) Which outlets . . . charge rates higher than the rate mentioned in the advertisement.

  (ii) **An advertisement** for a service or **item of goods sold from outlets not under the direct control of the supplier** causing the advertisement to be made does not violate . . .if it **states that the service or item of goods is available only at participating independent dealers**.

29.    Walmart advertised the goods without indicating that the sale was only specific to certain stores. In fact, Walmart's price for the goods was displayed for the nearby Walmart at which he made the purchase and on the same day of the purchase.

30.    Walmart advertised the goods at a specific price without any limitation, modification, condition, reservation, or exclusion that would notify Mr. Adelstein that the goods could not be purchased at the price advertised by Walmart online.

31.    Walmart's **false advertisement of the goods was material** as it had to do with the price, which is a crucial factor for any reasonable consumer in purchasing goods.

32.    Walmart violated substantive rule **OAC § 109:4-3-02 (A)(1)** after Ohio courts declared a violation of the Exclusions and Limitations in Advertising Rule ("ELAR") is a violation of the Ohio's Consumer Sales Practices Act, R.C. 1345.02(A) and after these decisions were made available for public inspection, pursuant to R.C. § 1345.05(A)(3). See *Gene Norris*

*Enterprises, Inc. dba Gene Norris Honda v. State ex rel. Montgomery*, OPIF#10001855, Case

No. 98 CV001718 (C.P. Lake County, April 28, 2000); *In Re: Rhodes Furniture*,

OPIF#10002008, Case No. 196997, September 7, 2001; *Crow v. Fred Martin Motor Co.*,

OPIF#10002156, Case No. 21128 (Ct. App. 9th Dist. May 14, 2003).

      33.    As a direct and proximate result of Walmart's advertising goods without

disclosing limitations, conditions, or exclusions in close proximity to the advertised prices and

then selling those goods over their advertised prices, Mr. Adelstein was deceived into paying a

higher price.

**CLAIM III**
Violation of OAC § OAC §109:4-3-02 (B)
Violation of the CSPA

      34.    Mr. Adelstein realleges and incorporates by reference the allegations contained in

each of the preceding paragraphs as though expressly restated herein.

      35.    Pursuant to OAC § 109:4-3-02 (B):

> Offers made through any audio or audiovisual medium including . . .an online or digital medium, must be preceded or immediately followed by a conspicuously clear oral or written statement of any material exclusions, reservations, limitations, modifications, or conditions. . . Written disclosures in audiovisual advertisements should appear in a form and for a duration sufficient to afford a consumer a reasonable opportunity to read and understand them.

      36.    Walmart advertised online prices for household goods, including the Preen, Ortho,

and Wax, purchased by Mr. Adelstein.

      37.    Walmart failed to provide any written statement of material exclusions,

reservations, limitations, modifications, or conditions regarding the sale price of the items at all,

let alone in a form for a duration sufficient to afford a consumer a reasonable opportunity to read

and understand them.

6

38.     Walmart's violations of substantive rule OAC § 109:4-3-02 (B) is the proximate cause of the damages suffered by Mr. Adelstein in paying higher prices than Walmart's online advertised prices, and the sales tax and interest on the higher amounts.

**CLAIM IV**
Violation of OAC § OAC §109:4-3-02 (D)
Violation of the CSPA

39.     Mr. Adelstein realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

40.     **Pursuant to OAC § 109:4-3-02 (D):**

> **It is a deceptive act or practice in connection with an offer made through any online or digital medium, to make any offer without stating clearly and conspicuously, in close proximity to the words stating the offer, any material exclusions, reservations, limitations, modifications, or conditions. Disclosures should be as near to, and if possible, on the same screen, as the triggering offer.** If scrolling or a hyperlink is necessary to view the disclosure, the advertisement should guide consumers with obvious terms or instructions to scroll down or click on the hyperlink. Hyperlinked disclosures should lead directly to the disclosed information and **not require scrolling or clicking on any additional hyperlinks**.

41.     Walmart advertised online prices for household goods, including the Preen, Ortho, and Wax, purchased by Mr. Adelstein.

42.     Walmart advertised prices for the goods without disclosing conditions, limitations, modifications, reservations, or exclusions in close proximity to its offers. Exhibits 1-3.

43.     Walmart charged Mr. Adelstein a higher price for the goods than advertised online by Walmart. Exhibit 4, Walmart Receipt.

44.     Walmart falsely represented the price for the goods in its advertisements and the price of the goods was **material** to Mr. Adelstein's decision to make his purchases.

45.     As a direct and proximate cause of Walmart's violation of substantive rule OAC § 109:4-3-02 (D), Mr. Adelstein suffered actual damages, including, but not limited to, the amount paid over the advertised price, extra sales tax, and additional interest.

## CLAIM V

Fraud, Fraud in the Inducement, Fraudulent Representations

46.     Mr. Adelstein realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

47.     Walmart intentionally and knowingly advertised products online for specific prices to induce consumers to purchase those goods.

48.     Mr. Adelstein went online and observed Walmart's prices for the Ortho, Preen, and Wax products and was induced to buy those products in response to Walmart's advertisements.

49.     Mr. Adelstein justifiably relied on Walmart's representation regarding the prices for the products Walmart advertised.

50.     Walmart knowingly, recklessly, and/or intentionally advertised specific prices for the products and then sold those products to Mr. Adelstein for more than Walmart represented.

51.     Walmart had a duty to sell the Preen, Ortho, and Wax at the prices it represented to Mr. Adelstein in Walmart's advertisements.

52.     Mr. Adelstein was proximately injured by Walmart's false representations by paying a higher amount for the products than was promised by Walmart's representations.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Adelstein respectfully prays for relief as follows:

A) An order finding and declaring the acts and practices of Walmart as challenged herein are unfair, deceptive and/or unconscionable;

B) An order preliminarily and permanently enjoining Walmart from engaging in the practices challenged herein;

C) Actual damages of at least the amount charged over the amount of the advertised price, statutory damages, punitive damages, treble damages, the extra sales tax, and attorney fees for violations of the CSPA; and

D) any other further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**Laura A. DePledge (#0067632)**
DePledge Law Office, Inc.
7408 Center Street
Mentor, OH 44060
Email: DePledgeLawInc@aol.com
Phone: (440) 255-7755
Fax: (440) 255-7756

*Attorney for Mr. Adelstein*

Exhibit 1





**Results for "preen extended control weed preventer"** (85)

Popular pick

$19.97

Preen Extended Control Weed Preventer - 4.93 lb. - Covers 805 sq. ft.

★★★★½ 196

Save with W+

Pickup    Delivery

1-day shipping

$64.99

Preen Extended Control Weed Preventer - 21.45 lb. - Covers 3,500 sq. ft.

★★★★½ 171

Save with W+

3+ day shipping

Shop    My Items    Search    Services    Account

Exhibit 2





**$41.61**

Ortho GroundClear Vegetation Killer Concentrate

★★★★☆ 22

3+ day shipping

**Options**

**From $15.99**

Ortho Groundclear Weed & Grass Killer2 Concentrate, 32 oz.

★★★★½ 141

Save with W+

Pickup   Delivery

2-day shipping



Shop   My Items   Search   Services   Account

Exhibit 3



Size: 26 fl oz

26 fl oz
$15.95

Pickup, **tomorrow** at Aurora Supercenter

Aisle 127

Delivery from store, **tomorrow** to 50 Ridgecreek Trl

Buy now          Add to cart

Exhibit 4

Give us feedback @ survey.walmart.com
Thank you! ID #:7RGMH714645X

# Walmart

330-562-0000 Mgr:CHARLES
7235 MARKET PLACE DR
AURORA OH 44202
ST# 03250 OP# 009045 TE# 45 TR# 06008
JIF PBUTTER  005150025516 F      2.76 N
CARD         060503050391        3.97 X
PHONE HOLDER 084487501427       14.96 X
OIL FILT PLI 082090901208        5.78 X
PHEEN EXTEN  008868564092       21.77 X   → $19.97 ONLINE
WD GR CONC   007154946503       23.87 X
RGS AERO AP  001700006826        4.98 X
HYD CRMC WX  007038201383       19.97 X   → $15.95 ONLINE
TTL WHT GEL  082785400191        6.96 X
                     SUBTOTAL   105.02
        TAX 1  6.750 %            6.90
                        TOTAL   111.92
                   VISA TEND    111.92
CHASE VISA   **** **** **** 3238 I 1
APPROVAL # 07600C
REF # 222000746244
TRANS ID - 382220853730693
VALIDATION - 7XH8
PAYMENT SERVICE - E
AID A0000000031010
AAC 55002D849E528E42
TERMINAL # SC120410
       08/08/22    19:42:57
            CHANGE DUE    0.00
         # ITEMS SOLD 9
   TC# 5036 5939 3948 3996 1675 9

ON-LINE $15.99 ←



RECEIVED AND FILED

AUG 19 2022

THOMAS E. DAY, JR.
CLERK OF COURT
BEDFORD MUNICIPAL COURT

IN THE BEDFORD MUNICIPAL COURT
CUYAHOGA COUNTY

KEVIN ADELSTEIN          )      CASE NO: _____
50 Ridgecreek Trail       )
Moreland Hills, OH 44022   )      JUDGE
                          )
            Plaintiff,    )
                          )
     vs.                  )
                          )
WALMART, INC. dba WALMART  )
In c/o Its Statutory Agent )      **INSTRUCTIONS FOR SERVICE**
CT Corporation System     )
4400 Easton Commons Way, Suite 125 )
Columbus OH 43219         )
                          )
            Defendant.    )

TO THE CLERK OF COURT

Please prepare and issue service upon Defendant, WalMart, Inc. dba WalMart, whose last known business address is C/O Its Statutory Agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 by CERTIFIED MAIL, RETURN RECEIPT REQUESTED with the contemporaneously submitted and filed *Complaint* and *Instructions for Service*.

Respectfully submitted,

**Laura A. DePledge (#0067632)**
DePledge Law Office, Inc.
7408 Center Street
Mentor, OH 44060
Email: DePledgeLawInc@aol.com
Phone: (440) 255-7755
Fax: (440) 255-7756
*Attorney for Mr. Adelstein*

1

# *DePledge Law Office, Inc.*

7408 Center Street
Mentor, Ohio 44060
P: 440.255.7755 F: 440.255.7756
E-mail: DePledgeLawInc@aol.com

August 17, 2022

Bedford Municipal Court
Clerk of Court
165 Center Road
Bedford, OH 44146-2898

*RECEIVED AND FILED*
*AUG 19 2022*
*THOMAS E. DAY, JR.*
*CLERK OF COURT*
*BEDFORD MUNICIPAL COURT*

      RE: Adelstein v. Walmart, Inc. dba WalMart.
           Bedford Municipal Court
           Case No.: *To be assigned*

Dear Clerk:

    Enclosed please find the following:

- Instructions for Service
- Plaintiff's Complaint
- DePledge Law Office Check #5393 in the amount of $135.00
- Self-addressed, stamped return envelope

    An original and two copies of the Instructions for Service and Complaint are provided for your processing. Please return a time-stamped copy in the enclosed self-addressed, stamped envelope. If you have any questions or are in need of additional information, please do not hesitate to contact our office. Thank you for your attention herein.

                    Sincerely,

                    Laura A. DePledge
                    Attorney at law

LAD/mtf

Enclosures



Common Pleas Court of Cuyahoga County, Ohio

## DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE

FILED

Kevin Adelstein
_____

**Plaintiff**
Vs.

2022 DEC 28  A 11: 19

Judge: PETER J CORRIGAN
_____

CV 22 973107

Walmart, Inc.
_____

**Defendant**

CLERK OF COURTS
CUYAHOGA COUNTY

| | |
|---|---|
| Has this case been previously filed and dismissed? Yes ☐ No ☒ | |
| Case #: _____ | Judge: _____ |
| Is this case related to any new cases now pending or previously filed? Yes ☐ No ☒ | |
| Case #: _____ | Judge: _____ |

**CIVIL CLASSIFICATIONS:** *Place an (X) in ONE Classification Only.*

**Professional Torts:**
☐ 1311 Medical Malpractice
☐ 1315 Dental Malpractice
☐ 1316 Optometric Malpractice
☐ 1317 Chiropractic Malpractice
☐ 1312 Legal Malpractice
☐ 1313 Other Malpractice

**Product Liability:**
☐ 1330 Product Liability

**Other Torts:**
☐ 1310 Motor Vehicle Accident
☒ 1314 Consumer Action
☐ 1350 Misc. Tort

**Workers Compensation:**
☐ 1550 Workers Compensation
☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
☐ Utilize Separate Foreclosure Designation Form

**Commercial Docket:**
☐ 1386 Commercial Docket
☐ 1387 Commercial Docket with Foreclosure

**Administrative Appeals:**
☐ 1540 Employment Services
☐ 1551 Other

**Other Civil:**
☐ 1500 Replevin/Attachment
☐ 1382 Business Contract
☐ 1384 Real Estate Contract
☐ 1388 Consumer Debt
☐ 1390 Cognovit
☐ 1391 Other Contracts
☐ 1490 Foreign Judgment
☐ 1491 Stalking Civil Protection Order
☐ 1501 Misc. Other
☐ 1502 Petition to Contest Adam Walsh Act
☐ 1503 Certificate of Qualification for Employment

**Amount of Controversy:**
☐ None Stated
☐ Less than $25,000
☐ Prayer Amount _____

**Parties have previously attempted one of the following prior to filing:**
☐ Arbitration
☐ Early Neutral Evaluation
☐ Mediation
☐ None

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, expect as noted above.*

Frederick & Berler, LLC
_____
**Firm Name (Print or type)**

767 E. 185th Street
_____
**Address**

Cleveland, Ohio 44119
_____
**Address**

216-502-1055
_____
**Phone**

Ronald I. Frederick
_____
**Attorney of Record (Print or Type)**

0063609
_____
**Supreme Court #**

ronf@clevelandconsumerlaw.com
_____
**Email Address**

/s/Ronald I. Frederick
_____
**Signature**